# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| **ROBERT LANCE JOHANSEN as** <br> **Administrator of the estate of** <br> **LAUREN JOHANSEN** <br>      *Plaintiff* <br><br> **v** <br><br> **BROOKE'S BAIL BONDING, LLC,** <br> **FREEDOM MONITORING SERVICES LLC,** <br> **TYRELL WHITE d/b/a ON TIME BAIL** <br> **BONDING, BROOKE HARLAN-EVITTS,** <br> **JAY OTEY, NEICOLA McMILLIAN,** <br> **NAKEDA WILHOITE, ALISHA RIDLEY,** <br> **AMERICAN CONTRACTORS INDEMNITY CO.,** <br> **and CONTINENTAL HERITAGE INSURANCE** <br> **COMPANY,** <br>     *Defendants* | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Docket No.: 3:25-cv-00690** <br> ) <br> ) **Judge Aleta Trauger** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO AMENDED COMPLAINT

Comes now the Defendant(s) NAKEDA WILHOITE and FREEDOM MONITORING

SERVICES LLC (hereinafter referred to as "Wilhoite" and "Freedom Monitoring"), by and

through counsel, and submits this *Answer* to the Plaintiff's *Amended Complaint*.

As a basis for this *Answer* the Wilhoite and Freedom Monitoring would state:

## PARTIES

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted.

4. Admitted upon information and belief.

1

5. Denied. Nakeda Wilhoite resides in Clarksville, Montgomery County, Tennessee. Denied that Nakeda Wilhoite is an employee of Brooke's Bail Bonding LLC. Admitted that Nakeda Wilhoite is the owner of Freedom Monitoring Services LLC.

6. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

7. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

8. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

9. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

10. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

11. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

## JURISDICTION AND VENUE

12. Admitted that this Honorable Court has jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.

13. Admitted that code section 28 U.S.C. § 1367 allows for supplemental jurisdiction over state-law claims should the aforementioned federal claims be viable and should the state-law claims arise from the same case and controversy.

14. Wilhoite and Freedom Monitoring do not have enough information to admit or deny Plaintiff's claim(s) of complete diversity or that the amount in controversy exceeds $75,000. Admitted that Plaintiff is seeking damages in excess of $75,000.

15. Admitted that upon information and belief. Refer to paragraphs 1-9.

16. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

17. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

18. Admitted.

2

## FACTS

### Bail Bonding in Tennessee

19. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

20. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

21. No allegation or averment herein is made against Wilhoite and Freedom Monitoring therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

22. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

23. No allegation or averment herein is made against the Wilhoite and Freedom Monitoring such that a response is required.

24. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

25. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

3

26. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

27. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

28. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

29. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

30. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

31. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

32. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

4

33. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

34. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

35. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

36. Denied.

37. Wilhoite is a licensed bail bondsmen who is an independent contractor with Brooke's Bonding. Nakeda Wilhoite is not an employee of Brooke's Bonding. Brooke's Bonding contracts Freedom Monitoring, from time to time, for Freedom Monitoring to supply ankle monitors for bonds executed and supervised by Brooke's Bonding.

38. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

39. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

40. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

41. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

## The Partnership Between Brooke's Bonding and Continental Heritage Insurance Company

42. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

43. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

44. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

45. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

46. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

47. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

6

48. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

49. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

50. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

51. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

52. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required as this allegation is nothing more than a recitation of public policy, the law, and/or argument of counsel for the Plaintiff.

## The Events Leading to Lauren Johansen's Death

53. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

54. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

55. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

7

56. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

57. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

58. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

59. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

60. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

61. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

62. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

63. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

64. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

65. No allegation or averment herein is made against Wilhoite and Freedom Monitoring therefore no response is required.

66. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

8

67. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

68. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

69. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

70. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

71. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

72. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

73. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

74. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

75. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

76. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

77. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

78. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

79. Admitted in part and denied in part. Admitted Ridley contacted Wilhoite. Wilhoite is not an employee of Brooke's Bonding. Wilhoite is a licensed bondsman who, from time to time, bonds out Defendant's on behalf of Brooke's Bonding. Admitted that Wilhoite is the owner of Freedom Monitoring. Admitted that Freedom Monitoring is a GPS monitoring company. Defendant(s) must deny the allegation that [in reference to Ridley)"rather than transport Defendant to the GPS monitoring company identified in the Court's order…" as Defendant(s) does not have enough information to admit or deny this allegation, and, such allegation assumes an action, or inaction, of another Defendant.

80. Admitted in part and denied in part. Admitted that a Freedom Monitoring GPS monitor was in Brooke's Bonding. Wilhoite authorized Ridley to place the monitor on Rivers. Ridley had been previously trained by Wilhoite to affix ankle monitors. Ridley did not convey the purpose of the ankle monitor to Wilhoite.

81. Admitted upon information and belief.

82. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

83. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

84. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

85. Denied and strict proof is hereby demanded. Ridley informed Wilhoite on or about July 28, 2024 that Rivers was not supposed to leave Davidson County. However, Ridley further

10

informed Wilhoite that the District Attorney's Office was aware of Rivers location, and that a hearing would be held on July 2, 2024, to determine if a violation had occurred. On June 29, 2024, Rivers appeared at Brooke's Bonding in Davidson County to have his ankle monitor replaced. The monitor was replaced. Rivers left Brooke's Bonding. Later that same day, June 29, 2024, Wilhoite informed Brooke's Bonding that Rivers had left Davidson County.

86. Admitted that Brooke's Bonding requested that Rivers return to Brooke's Bonding to obtain a new device.

87. Wilhoite and Freedom Monitoring do not have enough information to admit or deny. On or about June 28, 2024, Wilhoite was verbally informed by Ridley that Rivers was not supposed to leave Davidson County. Wilhoite was further informed by Ridley that the District Attorney's Office knew about the issue and that a hearing on the issue was set for July 2, 2024, to determine if a violation had occurred. Wilhoite was not given a copy of the bond conditions by Ridley. Wilhoite did not receive a copy of the bond conditions from Brooke's Bonding until July 2, 2024.

88. Wilhoite and Freedom Monitoring do not have enough information to admit or deny if On Time Bonding was advised of the conditions on River's bond. Admitted that Brooke's Bonding informed Freedom Monitoring verbally about the conditions on River's bond on or about June 28, 2024.

89. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

90. Denied in part and admitted in part. Wilhoite, through Freedom Monitoring, supplied Brooke's Bonding with the ankle monitor to affix on Rivers. Wilhoite properly affixed a

11

new ankle monitor device to Rivers as there were previous concerns about the device charging and indicating lost signal. Ridley spoke with Wilhoite on the phone concerning Rivers.

91. Admitted that Wilhoite and Freedom Monitoring knew that Rivers had returned to Brooke's Bonding. Wilhoite and Freedom Monitoring do not have enough information to admit or deny all other allegations contained within this paragraph.

92. Denied.

93. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

94. Admitted. Rivers informed Wilhoite, who further informed Ridley, that Rivers intended to return to Mississippi. Ridley informed Wilhoite that the District Attorney's Office knew that Rivers was staying in Mississippi and that a hearing would be held on July 2, 2024, to determine if such change in address was a violation.

95. Admitted.

96. Denied. Wilhoite informed Brooke's Bonding on June 29, 2024, that Rivers was again leaving the State of Tennessee.

97. Denied.

98. This paragraph is misleading. Wilhoite was not the bondsman who bonded Rivers out of jail on behalf of Brooke's Bonding. Wilhoite, through Freedom Monitoring, was tasked with affixing a new ankle monitor to Rivers on June 29, 2024.

99. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

100. Wilhoite and Freedom Monitoring do not have enough information to admit or deny.

101. Admitted. Wilhoite informed Brooke's Bonding that Rivers was on his way to Mississippi on June 29, 2024, after he left Brooke's Bonding.

102. Admitted that it was known that Rivers had left Davidson County and Tennessee. Wilhoite informed Brooke's Bonding.

103. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required. Wilhoite and Freedom Monitoring did not have authority to apprehend Rivers. Upon information and belief, an arrest warrant had not been issued.

104. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required. Wilhoite and Freedom Monitoring do not have a duty to inform law enforcement in Mississippi about Rivers whereabouts. Wilhoite and Freedom Monitoring informed Brooke's Bonding, with whom they were providing a service, that Rivers was no longer in Davidson County. Wilhoite and Freedom Monitoring are not required to apprehend Rivers on behalf of Brooke's Bonding.

105. Wilhoite and Freedom Monitoring do not have a duty or responsibility to inform the victim in a case, or their family, that a Defendant has violated their conditions of bond. Upon information and belief, the "Bail Bonding Defendants" later discovered that Rivers returned to Southern Mississippi with the victim. The victim drove him to Brooke's Bonding and then back to Mississippi.

106. Wilhoite's duty is to inform Brooke's Bonding if a potential violation of bond conditions has occurred. Wilhoite informed Brooke's Bonding that Rivers was leaving the State of Tennessee.

107. Denied.

## COUNT 1

### Wrongful Death (All Defendants)

108. No response required.

109. No response required.

110. This paragraph is misleading. This paragraph does not allude to, or specify, what duties are owed, by who, and to whom.

111. Denied.

112. Admitted upon information and belief.

113. Denied.

114. This paragraph is vague and cannot be admitted or denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

124. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

125. Denied.

14

126. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

127. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

## COUNT 2
## 42 U.S.C. § 1983 (All Defendants)

128. No response required.

129. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

130. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

131. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

132. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

133. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

134. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

135. Denied.

136. Wilhoite and Freedom Monitoring does not recall the exact time that they were verbally informed by Ridley that a bond condition existed that Rivers was to remain in Davidson County, Tennessee. Wilhoite and Freedom Monitoring does not have enough information to admit or deny any other knowledge held by other Defendants.

15

137. This paragraph is misleading. Upon information and belief of Wilhoite and Freedom Monitoring, a hearing was to be held on July 2, 2024, to determine if a violation had occurred based off Rivers change in address.

138. Denied that Wilhoite and Freedom Monitoring released Rivers to return to Mississippi on June 29, 2024.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied

149. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

150. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

151. Admitted in part and denied in part. Admitted that Wilhoite owned Freedom Monitoring such that she had authority over Freedom Monitoring, however Wilhoite was subject to policies, custom and practice of Brooke's Bonding as Freedom Monitoring is an

16

independent third party company utilized by Brooke's Bonding to fulfill conditions of bonds made by Brooke's Bonding.

152. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

153. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

154. Denied.

155. Denied.

## COUNT III
### Joint Venture (Brooke's Bonding and On Time Bonding)

156. No response required.

157. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

158. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

159. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

160. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

161. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

17

## COUNT IV
## Joint Venture (Brooke's Bonding and Freedom Monitoring)

162. No response required.

163. Denied and strict proof is hereby demanded. Brooke's Bonding did not present Freedom Monitoring with the applicable bond conditions and further, did not inform Freedom Monitoring with the purpose of the ankle monitor. Wilhoite and Freedom Monitoring would state that it was common practice for Brooke's Bonding to internally require a Defendant to wear an ankle monitor for the express purpose of tracking a Defendant to ensure payment would be made to Brooke's Bonding in fulfillment of the bonding contract between Defendant and Brooke's Bonding.

164. Denied. Wilhoite is not an employee of Brooke's Bonding. Wilhoite and Freedom Monitoring are independent contractors.

165. Denied.

166. Denied.

167. Denied.

## COUNT V
## Partnership Liability
## (Brooke's Bonding and CHIC)

168. No response required.

169. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

170. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

171. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

18

172. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

## COUNT VI
## Partnership Liability
## (On Time Bonding and ACIC)

173. No response required.

174. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

175. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

176. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

177. No allegation or averment herein is made against Wilhoite and Freedom Monitoring, therefore no response is required.

**WHEREAS PREMISES CONSIDERED**, Defendant's Nakeda Wilhoite and Freedom Monitoring Services LLC pray for the following relief:

A.  That this *Amended Complaint* be dismissed against Nakeda Wilhoite; and

B.  That this *Amended Complaint* be dismissed against Freedom Monitoring Services LLC; and

C.  That they be awarded their reasonable attorney fees for having to defend against this matter; and

D.  That they be awarded any expert witness related fees that may arise for having to defend against this matter; and

E.  That the cost and taxes of this matter be assessed against the Plaintiff; and

19

F.  For any further relief to which the aforenamed Defendants Nakeda Wilhoite and Freedom Monitoring LLC may be entitled.

Respectfully submitted,

Joseph T. Zanger #022600
Zanger Law Firm
135 Clif Garrett Drive
White House, Tennessee 37188
(615) 672-0511
joe@zangerlaw.com
*Attorney for Nakeda Wilhoite and Freedom Monitoring Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to the following person(s) via the following means on this the 30th day of September, 2025:

[x]  Philip Elbert, Esq.
Elizabeth Tipping, Esq.
Satchel Fowler, Esq.
PREPAID USPS TO:                    1222 Demonbreun Street, Suite 1201
                                    Nashville, Tennessee 37203
ELECTRONIC SERVICE TO:              phil.elbert@wbd-us.com
                                    Liz.tipping@wbd-us.com
                                    Satchel.fowler@wbd-us.com

[x]  Bryan Lewis, Esq.
PREPAID USPS TO:                    1300 Division St. Suite 307
                                    Nashville, Tennessee 37203
ELECTRONIC SERVICE TO:              whelou@wsmlegal.com

[x]  Will Helou, Esq.
PREPAID USPS TO:                    2817 West End Avenue, Suite 126-107
                                    Nashville, Tennessee 37203
ELECTRONIC SERVICE TO:              whelou@wsmlegal.com

[x]  Matt Pietsch, Esq.
PREPAID USPS TO:                    4031 Aspen Grove Drive, Suite 290
                                    Franklin, Tennessee 37067
ELECTRONIC SERVICE TO:              mpietsch@grsm.com

20

[x]   Tyrell White d/b/a On Time Bonding
      PREPAID USPS TO:            704 Pin Oak Drive
                                  Antioch, Tennessee 37013

[x]   Neicola McMillian
      PREPAID USPS TO:            1018 32nd Ave N.
                                  Nashville, Tennessee 37209

[x]   Alisha Ridley
      PREPAID USPS TO:            101 Davis Park Drive Unit 119
                                  Smyrna, Tennessee 37167

                                  _____
                                  Joseph T. Zanger
      *Attorney for Nakeda Wilhoite and Freedom Monitoring Services LLC*

21