## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| ROBERT LANCE JOHANSEN as ) administrator of the estate of ) LAUREN JOHANSEN, ) ) Plaintiff ) ) v. ) ) BROOKE'S BAIL BONDING, LLC, ) FREEDOM MONITORING ) SERVICES, LLC, TYRELL WHITE ) d/b/a ON TIME BAIL BONDING, ) BROOKE HARLAN-EVITTS, JAY ) OTEY, NEICOLA MCMILLIAN, ) NAKEDA WILHOITE, ALISHA ) RIDLEY, AMERICAN ) CONTRACTORS INDEMNITY CO., ) and CONTINENTAL HERITAGE ) INSURANCE COMPANY, ) Defendants. ) | Case No. 3:25-cv-00690 Judge Aleta Trauger JURY TRIAL DEMANDED |

---

### DEFENDANT CONTINENTAL HERITAGE INSURANCE COMPANY'S
### FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS AND
### MEMORANDUM OF LAW IN SUPPORT

---

1

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Continental Heritage Insurance Company ("CHIC"), by and through its undersigned attorneys, respectfully requests that the Court dismiss with prejudice all counts against it: Count I (Wrongful Death); Count II (42 U.S.C. § 1983); and Count V (Partnership Liability).

CHIC adopts and incorporates the motion to dismiss filed by Defendants Brooke's Bail Bonding, LLC ("Brooke's Bail Bonding"), and Brooke Harlan-Evitts. In addition, CHIC provides the following Memorandum of Law in Support of its Motion:

**INTRODUCTION**

The Court should dismiss all counts against CHIC because Plaintiff has not and cannot provide factual support for relationships that are consistent with a "common purpose" or "joint business undertaking." Nor has Plaintiff pled any wrongful conduct or claim against CHIC. In fact, it appears that Plaintiff's partnership claims are nothing more than an attempt around Tennessee's adoption of modified comparative liability, barring joint and several liability for tort claims in all but a few instances, one of which being civil conspiracy, a claim that would be completely unsupported here and would require pleading with specificity. *See* Tenn. Code. Ann. § 29-11-107.

## FACTUAL BACKGROUND[1]

The following provides a brief summary of the barebone factual allegations contained in the Complaint.

Plaintiff's claims arise as a result of Ms. Lauren Johansen's murder at the hands of her partner, Mr. Bricen Rivers, in Mississippi after the Davidson County Criminal Courts released him following his arrest in December 2023. (*First Amended Complaint ("FAC")* ¶ 90.) In December 2023, Mr. Rivers assaulted Ms. Johansen while they were visiting Nashville from Mississippi. (*Id.* at ¶¶ 53-55.) Mr. Rivers was arrested and ultimately released on bail, half of which was posted by Brooke's Bail Bonding and the other by On Time Bail Bonding ("OTBB"). (*Id.* at ¶¶ 55-58, 65,66, 75.)

Mr. Rivers travelled back to Mississippi. (*Id.* at ¶ 84.) Brooke's Bail Bonding and On Time Bonding knew that Mr. Rivers traveled to Mississippi and that doing so violated the bond conditions that required him to stay in Davidson County, conditions that were not initially relayed to either company or their agents prior to his initial release. (*Id.* at ¶ 76.)

Mr. Rivers returned to Nashville to receive a new ankle monitor at BB Bonding, once the Bail Bonding Defendants began having issues with the ankle monitor. (*Id.* at ¶¶

---

[1] The BB Bonding Defendants present the allegations contained in the Complaint exclusively for purposes of the Court's consideration of their Motion to Dismiss and otherwise deny the truth of the allegations contained therein.

86.) Mr. Rivers' ankle monitor was not programmed to inform the Bail Bonding Defendants if he left Davidson County, Tennessee, or to otherwise monitor Mr. Rivers in accordance with his bail conditions. (*Id.* at ¶ 81.)

Rivers left Davidson County again and returned to Mississippi on June 29, 2024. (*Id.* at ¶ 101.) The Bail Bonding Defendants knew or should have known Mr. Rivers left Nashville again. (*Id.* at ¶ 102.) Mr. Rivers tragically kidnapped, assaulted, and killed Ms. Johansen three days later in Mississippi. (*Id.* at ¶ 107.)

The Complaint only contains two allegations out of Plaintiff's one hundred seventy-seven (177) Complaint regarding actions taken by CHIC, namely:

- "CHIC provided financial backing that allowed the partnership to bond out criminal defendants beyond what Brooke's Bonding's individual liquidity would otherwise allow." (*Id.* ¶ 44.); and

- "CHIC executed powers of attorney for Brooke's Bonding's agents and/or employees, including Defendant Harlan-Evitts. These powers of attorney authorized Brooke's Bonding's agents and/or employees to execute bonds on behalf of CHIC." (*Id.* ¶ 45.)

**LEGAL STANDARD**

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the Complaint must include a "short and plain

4

statement of the claim showing that the pleader is entitled to relief." *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the Complaint meets this standard, the Court must accept the Complaint's factual allegations as true, draw all reasonable inferences in the Plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions'" or "'a formulaic recitation of a cause of action's elements[.]'" *Blackwell*, 979 F.3d at 524 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Recitations of the elements of a cause of action are insufficient. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting Twombly, 550 U.S. at 555)); *see also Delay v. Rosenthal Collins Group, LLC.*, 585 F.3d 1003, 1005–06 (6th Cir. 2009). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

5

555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## ARGUMENT

**I.     Plaintiff cannot remake the legal theory of "partnership" as standalone claims for relief against CHIC.**

Plaintiff attempts to recast the alleged relationship of "partnership" (*see FAC* Count V (Partnership Liability)) as a standalone claim for relief. Even if "Partnership Liability" were a claim for relief (it is not), Plaintiff has failed to plead the bare minimum factual support required to establish the elements of that relationship. As a result, Count V should be dismissed against CHIC.

In Tennessee, a general partnership is formed by the "association of two (2) or more persons to carry on as co-owners of a business or other undertaking for profit." Tenn. Code Ann. §§ 61-1-101(9); 61-1-202(a). "A partnership is an entity distinct from its partners." *Id*. § 61-1-201(a) (emphasis added). A partnership may be formed explicitly or may be formed implicitly based on the parties' actions. *Bass v. Bass*, 814 S.W.2d 38, 41 (Tenn. 1991). The Tennessee Supreme Court has explained:

> If the parties' business brings them within the scope of a joint business undertaking for mutual profit—that is to say if they place their money, assets, labor, or skill in commerce with the understanding that profits will be shared between them—the result is a partnership whether or not the parties understood that it would be so.

*Id*. (citation omitted).

Here, Count V against CHIC fails for three reasons:

*First*, partnership is not standalone cause of action. Partnership is a legal theory that describes relationships between parties. *See* Tenn. Code Ann. §§ 61-1-201(a) ("A partnership is an ___entity distinct from its partners___.") (emphasis added). Those relationships may lead to an apportionment of damages but still require a separate theory of liability. And perhaps most importantly here, the "partnership" claim does not state any independent theory of liability against CHIC or Brooke's Bail Bonding. (*See FAC*, Count V.)

*Second*, even if partnership were a standalone cause of action, Plaintiff's bare recitation of the elements and contradictory allegations do not meet the pleading standard. In Count V, Plaintiff recites the legal features of the theory of partnership without any factual color or support. For example, Plaintiff includes the conclusory statement that Brooke's Bail Bonding and CHIC "combined their property, labor, experience, and/or money in order to carry out a bail bonding service for profit." (*See FAC* ¶ 169.) But Plaintiff has not alleged ___any___ factual allegations in support of a combination of property, labor, experience, and/or money. (*See id.*) In short, Plaintiff has completely failed to allege any facts in support of this rote recitation of the elements that establish a partnership as a matter of law. And that is for good reason, Plaintiff has admitted that each company has a distinct and different purpose. Brooke's Bail Bonding is a bail

bonding company. CHIC is an insurance company. And each completely controls the conduct of its purpose alone, with no shared control or input from the other.

Plaintiff states Brooke's Bail Bonding is a bail bonding service "authorized by the Davidson County Criminal Courts to market [its] services in Davidson County." (*Compl.*, ¶ 37.) Its business is "finding clientele, appearing in court, securing the release of a criminal defendant, ensuring the defendant complied with conditions of bail, and ensuring the defendant appeared for his or her court hearings[.]" (*Id.* ¶ 43.) CHIC is an insurance company whose responsibilities are "provid[ing] financial backing" to Brooke's Bail Bonding. (*Id*. ¶44.) CHIC does not contribute equally, or at all, to Brooke's Bail Bonding decisions with respect to "finding clientele, appearing in court, securing the release of a criminal defendant, ensuring the defendant complied with conditions of bail, and ensuring the defendant appeared for his or her court hearings. Similarly, Brooke's Bail Bonding does not contribute equally, or at all, to CHIC's.

*Finally*, Plaintiff cannot use the legal theory of partnership to sidestep Tennessee's near abolishment of joint and several liability for tort claims. Plaintiff tries to establish joint and several liability against each of the respective Defendants with whom Plaintiff pairs Brooke's Bail Bonding. (*See id.*, Count III ¶ 161 ("Because Lauren Johansen was injured and killed as a result of Brooke's Bonding's and On Time Bonding's negligent, reckless, and/or intentional acts pursuant to their joint venture, they should be held jointly and severally liable for any judgment awarded to Plaintiff against either of them.);

Count IV ¶ 167 (same); and Count V ¶ 172 (same).) But Tenn. Code Ann. 29-11-107(a) has significantly limited joint and several liability in the State of Tennessee, providing "[i]f multiple defendants are found liable in a civil action governed by comparative fault, a defendant shall only be severally liable for the percentage of damages for which fault is attributed to such defendant by the trier of fact, and no defendant shall be held jointly liable for any damages." And Plaintiff has not plead any exception to this bar that would apply to the Defendants in this matter.

Without any factual support, much less factual support for relationships that are consistent with a "joint business undertaking," the Court should dismiss Count V against CHIC with prejudice.

## II.     Plaintiff cannot sustain a Wrongful Death or Section 1983 claim against CHIC.

Plaintiff tries to establish an avenue for recovery under the theories of "wrongful death" (*FAC*, Count I ("Wrongful death (All Defendants))) and Section 1983 (*id.*, Count II ("42 U.S.C. § 1983 (All Defendants))) against CHIC. But Plaintiff has not stated any allegations – even conclusory ones – that link CHIC to these claims for relief beyond an alleged partnership relationship between Brooke's Bail Bonding and CHIC. (*See, e.g.*, *id.* ¶¶ 126 ("CHIC. Jointly and severally liable for the wrongful conduct of Brooke's Bonding because CHIC and Brooke's Bonding were partners in a bail bonding partnership for profit, and Brooke's Bonding's negligent reckless, and/or malicious actions took place in the course of the partnership's business."); 144 ("the bail bonding partnership between Brooke's Bonding and CHIC"). For the same reasons Plaintiff's "partnership" claim fails and for all of the reasons stated in motion to dismiss filed

by Defendants Brooke's Bail Bonding, LLC ("Brooke's Bail Bonding"), and Brooke

Harlan-Evitts, Counts I and II should be dismissed against CHIC.

## CONCLUSION

For the foregoing reasons, the CHIC respectfully requests the Court dismiss with

prejudice all claims against it.

Respectfully submitted,

/s/ *William N. Helou*
William N. Helou (#22839)
WSMLEGAL PLLC
2817 West End Avenue
Suite 126-07
Nashville, TN 37203
(615) 900-5585
whelou@wsmlegal.com

and

/s/ *James Bryan Lewis*
James Bryan Lewis (#15116)
1300 Division Street, Suite 307
Nashville, Tennessee 37203
(615) 256-8181
bryan@bryanlewislaw.com

*Counsel for Defendant CHIC*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was submitted to the Court's electronic filing system on October 14, 2025. For those parties for whom counsel has filed a notice of appearance or other pleading, each of which is noted below, counsel will receive service via the Court's CM/ECF system. As to the parties who have not been served a summons and/or had counsel file a notice of appearance, they shall be served via first class mail at the addresses below.

| | |
|---|---|
| Philip Elbert<br>Elizabeth Tipping<br>Satchel Fowler<br>**Womble Bond Dickinson (US) LLP**<br>1222 Demonbreun St, Ste 1201<br>Nashville, TN 37203<br>(629) 312-1823<br>phil.elbert@wbd-us.com<br>liz.tipping@wbd-us.com<br>satchel.fowler@wbd-us.com<br><br>*Counsel for Robert Lance Johansen* | Matt Pietsch<br>**Gordon Rees Scully Mansukhani**<br>4031 Aspen Grove Dr, Ste 290<br>Franklin, TN 37067<br>mpietsch@grsm.com<br><br>*Counsel for Unserved Party American Contractors Indemnity Company* |
| Joseph Zanger<br>**Zanger Law Firm**<br>135 Clif Garret Dr<br>White House, TN 37188<br>joe@zangerlaw.com<br><br>*Counsel for Nakeda Wilhoite and Freedom Monitoring, LLC* | Tyrell White d/b/a On Time Bonding<br>704 Pin Oak Dr<br>Antioch, TN 37013 |
| Neicola McMillian<br>1018 32nd Ave N.<br>Nashville, TN 37209 | Alisha Ridley<br>101 Davis Park Drive, Unit 119<br>Smyrna, TN 37167 |

/s/ *William N. Helou*
William N. Helou

11