# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **ROBERT LANCE JOHANSEN as** | ) | |
| **administrator of the estate of** | ) | |
| **LAUREN JOHANSEN,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00690** |
| | ) | **Judge Aleta Trauger** |
| **BROOKE'S BAIL BONDING, LLC,** | ) | **JURY TRIAL DEMANDED** |
| **FREEDOM MONITORING** | ) | |
| **SERVICES, LLC, TYRELL WHITE** | ) | |
| **d/b/a ON TIME BAIL BONDING,** | ) | |
| **BROOKE HARLAN-EVITTS, JAY** | ) | |
| **OTEY, NEICOLA MCMILLIAN,** | ) | |
| **NAKEDA WILHOITE, ALISHA** | ) | |
| **RIDLEY, AMERICAN** | ) | |
| **CONTRACTORS INDEMNITY CO.,** | ) | |
| **and CONTINENTAL HERITAGE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| **Defendants.** | ) | |

---

### DEFENDANTS BROOKE'S BAIL BONDING, LLC'S AND BROOKE HARLAN-EVITTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

---

# INTRODUCTION

Plaintiff's Response to the Defendants Brooke's Bail Bonding, LLC ("BB Bonding"), and Brooke Harlan-Evitts ("Ms. Harlan-Evitts") (collectively "BB Bonding Defendants") Motion to Dismiss ("Motion") lays bare Plaintiff's improper attempt to expand his wrongful death claim into a Section 1983 action and a half-baked partnership and joint venture action. As set forth in the initial Motion and as further addressed below, the Plaintiff's First Amended Complaint ("FAC") fails to state a claim upon which relief can be granted. Because the arguments advanced in the Response fail to demonstrate why the FAC meets the pleading standard, BB Bonding Defendants respectfully request that the Court dismiss with prejudice the following: (1) Count I (Wrongful Death) and Count II (42 U.S.C. § 1983) against Ms. Harlan-Evitts; and (2) Counts II (42 U.S.C. § 1983), III (Joint Venture), IV (Joint Venture), and V (Partnership Liability) against BB Bonding.

# ARGUMENT

## I. The Response mischaracterizes the nature and purpose of bail bonds in an attempt to establish a claim for wrongful death against Ms. Harlan-Evitts.

Plaintiff argues he has stated a claim for wrongful death stemming from the negligence of Ms. Harlan-Evitts because he has plead that she stood in a special relationship to Mr. Rivers or Ms. Johansen (Response ("Resp.") at 5-7), that she took no action to protect Ms. Johansen from Mr. Rivers (*id.*, at 7-8), and that Ms. Harlan-Evitt's inaction caused Ms. Johansen's death (*id.*, at 8-9). In doing so, the Response mischaracterizes the nature and purpose of bonding companies.

Plaintiff's argument centers on the only duty he claims Ms. Harlan-Evitts (and BB Bonding) breached, namely, the duty to "protect a plaintiff from a third party when the defendant stands in some special relationship to either the person who is the source of the danger, or to the person who is foreseeably at risk from the danger." (Resp., at 5; *see also*, Resp. at 7 (characterizing Ms. Harlan-Evitts' duty as the "duty to order Brooke's Bail's agents to arrest or take other action

2

to return Rivers to custody after learning he had violated the conditions of his bond.").) Here, Plaintiff claims Ms. Harlan-Evitts owed Ms. Johansen this duty because BB Bonding's and Ms. Harlan-Evitts' "decision to post bond to obtain Rivers' release from jail," created the required "special relationship." (*Id.*, at 6.) The "decision," however, is insufficient to create any special relationship between Ms. Harlan-Evitts and Mr. Rivers (the person who is the source of the danger) or Ms. Johansen (the person who was foreseeably at risk from the danger).

The primary purpose of a bail bond is to ensure the defendant's appearance in court and compliance with the conditions of release, **_not_** to guarantee the safety of victims or prevent further harm. *See* Tenn. Code Ann. § 40-11-301(4) (defining professional bondsman as "any person, firm, partnership or corporation, engaged for profit in the business of furnishing bail, making bonds or entering into undertakings, as surety, in criminal proceedings, or for the appearance of persons charged with any criminal offense or violation of law or ordinance punishable by fine, imprisonment or death, before any of the courts of this state, including municipal courts or securing the payment of fines, judgments or damages imposed and of costs assessed by those courts upon preliminary or final disposition thereof" and specifically limiting "the acts, transactions and undertakings enumerated in subdivision (4)(A) and to no others."); *see also In re Rader Bonding Co.*, 592 S.W.3d 852, 859 (Tenn. 2019) ("The bail bond itself is a contract between the government on the one side and the criminal defendant and his surety on the other, whereby the surety assumes custody of the defendant and guarantees to the State either the appearance of the defendant in court or the payment of the full amount of the bail set by the court.")

None of the three cases Plaintiff cites supports a finding that a special relationship existed. All three involved doctors (one of whom was a psychiatrist) that treated or examined the individual who committed the harm to others. *See Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997)

(recognizing that a psychiatrist owed a duty to protect a hospital nurse from the violent and intentional acts of a hospitalized mentally ill patient, whom the psychiatrist had treated and who had been directly violent toward the psychiatrist in the past); *Bradshaw v. Daniel*, 854 S.W.2d 865, 872-873 (Tenn. 1993) (recognizing that a doctor owed a duty to warn his patient's wife of the risk to her of contracting Rocky Mountain Spotted Fever, when he knew, or in the exercise of reasonable care, should have known, that his patient was suffering from the highly-communicable disease); and *Wharton Transport Corp. v. Bridges*, 606 S.W.2d 521, 526-28 (Tenn. 1980) (in discussing the reasonable foreseeability of harm, recognizing that the doctor owed a duty to properly conduct the physical examination on a trucker when the trucker ultimately struck and killed individuals). Each recognized the character of the doctor's relationship to the patient (the person who ultimately caused the harm) and exposure to that patient. *See id.* Doctors stand in a special relationship to their patients as a matter of law. *See, e.g.*, Tenn. Code Ann. § 24-1-207 (privileged communications between psychiatrist and patient). The special characteristic of the doctor-patient relationship stands in stark contrast to bonding companies – and their principals – who do not stand in any special relationship to the criminal defendant on whose behalf they post bond.

Plaintiff then shifts to Tennessee statutes and the Davidson County Local Rules in an apparent attempt to establish a special duty to protect the general public because safety of the public is a consideration of Tennessee courts when setting bail amounts and conditions. (Resp., at 6.) But Plaintiff cannot recast bonding companies (or their principals) as standing in the shoes of Tennessee Courts (or law enforcement) with respect to the duties owed to Ms. Johansen as a victim of Mr. Rivers's violent and horrific criminal actions. Applying the transitive property to connect

the statutory guidelines for the Tennessee courts and law enforcement to bonding companies does not save Plaintiff's wrongful death claim against Ms. Harlan-Evitts.

Because Plaintiff has not established a legally viable duty that Ms. Harlan-Evitts owed Ms. Johansen and for the reasons outlined in the Motion to Dismiss, Plaintiff's wrongful death claim should be dismissed with prejudice against Ms. Harlan-Evitts.

**II.      Plaintiff cannot transform BB Bonding Defendants' alleged failures to protect Ms. Johansen into a Section 1983 claim.**

Plaintiff's Response, while artfully argued, does not save the FAC from its inherent deficiencies. Plaintiff's Section 1983 claim cannot survive as a matter of law.

***First***, Plaintiff has yet to identify a case in the Sixth Circuit – or elsewhere – where a bond person or bonding company's status as a bonding agent alone is sufficient to establish state action as a matter of law. And, the cases upon which Plaintiff relies are easily distinguishable. *See, e.g.*, *Ayo v. Dunn*, 2018 U.S. Dist. LEXIS 155427, (recognizing that a bonding company performed "the same public functions as the state Court vis-à-vis pretrial conditions of release" where the bonding company was "the only approved vendor for pre-trial supervision"; did "not have a formal written contract" with the detention center; provided services to the court "based on an information arrangement between" the bonding company and the court; and the bonding company (not the judge) "set[] the conditions of pretrial release and the payment terms for pretrial supervision.").

***Second***, even if the BB Bonding Defendants were acting under the color of law, Plaintiff has not plead any facts that demonstrate that Ms. Johansen suffered any deprivation of Constitutional right. Despite only listing a general violation of her "constitutional rights" in the FAC (*see* FAC ¶ 142), in Response, Plaintiff argues that under the Fourteenth Amendment, Ms. Johansen had a "right to preservation of her life." (Resp., at 19.)

5

In framing Ms. Johansen's right in this manner, Plaintiff has not alleged a violation of the Due Process Clause. The Due Process Clause does not impose an affirmative duty on the state to protect individuals from private violence. *See Weatherspoon v. City of Murfreesboro*, 2025 U.S. App. LEXIS 15102, *4-5 (6th Cir. June 17, 2025) ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors") (citations and quotations omitted). Further, the Sixth Circuit has noted that, "[w]hile the Due Process Clause prohibits injury caused by state action, its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id.* (citations and quotations omitted).

An exception to this *DeShaney* rule is the "state created danger" doctrine. But Plaintiff cannot avail himself of that doctrine either, because he has not identified any affirmative act by the BB Bonding Defendants – only the failure to act. Without more, Plaintiff has not established deprivation of any constitutional right. *Weatherspoon*, 2025 U.S. App. LEXIS 15102, at *5 (citing *May v. Franklin Cnty. Comm'rs*, 437 F.3d 579, 584-86 (6th Cir. 2006) (explaining that officers who merely depart from the scene of a domestic violence call without having taken steps to reduce the risk of harm do not commit an affirmative act for purposes of the "state-created danger" exception)).

## CONCLUSION

For the foregoing reasons and for those reasons outlined in the Motion as well as Defendant Continental Heritage Insurance Company's Reply in Support of Motion to Dismiss, which is hereby incorporated by reference, the BB Bonding Defendants respectfully request the Court dismiss with prejudice: (1) Count I (Wrongful Death) and Count II (42 U.S.C. § 1983), against

6

Ms. Harlan-Evitts; and (2) Counts II (42 U.S.C. § 1983), III (Joint Venture), IV (Joint Venture), and V (Partnership Liability), against BB Bonding.

Respectfully submitted,

/s/ William N. Helou
William N. Helou (#22839)
WSMLEGAL PLLC
2817 West End Avenue
Suite 126-07
Nashville, TN 37203
(615) 900-5585
whelou@wsmlegal.com

and

/s/ James Bryan Lewis
James Bryan Lewis (#15116)
1300 Division Street, Suite 307
Nashville, Tennessee 37203
(615) 256-8181
bryan@bryanlewislaw.com

*Counsel for Defendants Brooke's Bail Bonding, LLC, and Brooke Harlan-Evitts*

7

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following counsel on November 4, 2025, through the Court's CM/ECF system, and on the parties for those that have not been served, at the addresses contained on the summonses:

| | |
|---|---|
| Philip Elbert<br>Elizabeth Tipping<br>Satchel Fowler<br>**Womble Bond Dickinson (US) LLP**<br>1222 Demonbreun St, Ste 1201<br>Nashville, TN 37203<br>(629) 312-1823<br>phil.elbert@wbd-us.com<br>liz.tipping@wbd-us.com<br>satchel.fowler@wbd-us.com<br><br>*Counsel for Robert Lance Johansen* | Matt Pietsch<br>**Gordon Rees Scully Mansukhani**<br>4031 Aspen Grove Dr, Ste 290<br>Franklin, TN 37067<br>mpietsch@grsm.com<br><br>*Counsel for Unserved Party American Contractors Indemnity Company* |
| Joseph Zanger<br>**Zanger Law Firm**<br>135 Clif Garret Dr<br>White House, TN 37188<br>joe@zangerlaw.com<br><br>*Counsel for Nakeda Wilhoite and Freedom Monitoring, LLC* | Tyrell White d/b/a On Time Bonding<br>704 Pin Oak Dr<br>Antioch, TN 37013 |
| Neicola McMillian<br>1018 32nd Ave N.<br>Nashville, TN 37209 | Alisha Ridley<br>101 Davis Park Drive, Unit 119<br>Smyrna, TN 37167 |

*/s/ William N. Helou*