# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

ROBERT LANCE JOHANSEN as )
administrator of the estate of )
LAUREN JOHANSEN, )
  )
    Plaintiff )
  )
v. )   Case No. 3:25-cv-00690
  )   Judge Aleta Trauger
BROOKE'S BAIL BONDING, LLC, )   JURY TRIAL DEMANDED
FREEDOM MONITORING )
SERVICES, LLC, TYRELL WHITE )
d/b/a ON TIME BAIL BONDING, )
BROOKE HARLAN-EVITTS, JAY )
OTEY, NEICOLA MCMILLIAN, )
NAKEDA WILHOITE, ALISHA )
RIDLEY, AMERICAN )
CONTRACTORS INDEMNITY CO., )
and CONTINENTAL HERITAGE )
INSURANCE COMPANY, )
    Defendants. )

---

## DEFENDANT CONTINENTAL HERITAGE INSURANCE COMPANY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

---

## INTRODUCTION

Plaintiff's Response to the Defendant Continental Heritage Insurance Company's ("CHIC") Motion to Dismiss ("Motion") lays bare Plaintiff's improper attempt to collect from any entity that is only tangentially part of the bonding process in Tennessee in a transparent effort to maximize the possible recovery. As set forth in the initial Motion and as further addressed below, Plaintiff's First Amended Complaint ("FAC") fails to state a claim upon which relief can be granted. Because the arguments advanced in the Response fail to demonstrate why the FAC meets the pleading standard, CHIC respectfully requests that the Court dismiss with prejudice all counts against it, namely: Count I (Wrongful Death); Count II (42 U.S.C. § 1983); and Count V (Partnership Liability).

## ARGUMENT

Plaintiff's Response relies on his claim that CHIC – an insurance company – shared in the profits of bond premiums and the losses of bonds forfeited to the Court. Plaintiff argues that this sharing of profits and losses is sufficient to sustain a presumption of a partnership as a matter of law. (Resp., at 6.) Plaintiff then argues that the other facts "viewed together" support his claim that Brooke's Bonding and CHIC "operate as partners." Plaintiff goes so far as to claim – without any citation to the FAC – that "Brooke's Bail and CHIC's arrangement is a familiar, even prototypical, one: An active partner who manages the day-to-day affairs of the partnership and a deep-pocketed

silent partner who provides financial backing." (*Id.*, at 7.) Plaintiff argues that he cannot know what he does not know and therefore, the Court should give him the benefit of the doubt. (*Id.*, at 7-8.) Finally, Plaintiff argues that joint and several liability is not precluded as a matter of law. Plaintiff's argument fails for three reasons.

*First*, Plaintiff should not enjoy the presumption of partnership simply because he has plead in a conclusory manner that CHIC and Brooke's Bonding shared profits and losses. Although a complaint must only contain sufficient factual allegations to articulate a plausible claim for relief, conclusory statements or legal arguments presented as facts are insufficient to meet this standard. *See Pagliara v. Moses*, 605 S.W.3d 619, 626 (Tenn. Ct. App. 2020) ("the Trial Court is not obligated to accept as true Plaintiff's legal conclusions or inferences drawn from those factual allegations"); *Moses v. Dirghangi*, 430 S.W.3d 371, 378 (Tenn. Ct. App. 2013) ("Moreover, courts are not required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts.") (quotations and citations omitted). Here, Plaintiff has only alleged – without any support – two conclusory allegations: (1) Brooke's Bonding and CHIC shared profits because each received a portion of the premium paid by criminal defendants (FAC ¶ 46); and (2) Brooke's Bonding and CHIC shared losses because each shared the cost of paying forfeited bonds to the Criminal Court (FAC ¶ 47).

*Second*, even if Plaintiff's two allegations were considered more than merely "conclusory," Plaintiff has not and cannot show that he is entitled to the presumption of

partnership between CHIC and Brooke's Bonding pursuant to Tenn. Code Ann. § 61-1-202(c)(3). Plaintiff has not alleged that CHIC and Brooke's Bonding share profits; he has only alleged that they have arranged a split of bond premiums and bond forfeitures. (*See* FAC ¶¶ 46-47.) Tennessee courts have defined "profits" under Tenn. Code Ann. § 61-1-202 as the net amount remaining after the deduction of proper expenses incident to the business. *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 472 (Tenn. Ct. App. 2003). Simply sharing in bond premiums and bond forfeitures does not equate to sharing in the "net amount remaining after the deduction of proper expenses incident to the business." *Id.* (emphasizing that sharing gross returns does not equate to sharing profits, as gross returns are not reduced by business expenses and therefore do not establish a partnership under Tenn. Code Ann. § 61-1-202). Where, as here, Plaintiff simply identifies a split of bond premiums and bond forfeitures, Plaintiff is not entitled to the same presumption as he would have been had he alleged "an association of two (2) or more persons to carry on as co-owners of a business for profit" where the two (2) or more person, in fact, shared in the profits as defined under Tennessee law.

*Third*, Plaintiff's argument that "Tennessee has not abolished partnership liability" (Resp., at 8) misses the point. It is categorically true that Tennessee recognizes possibility of joint and several liability in the context of legally recognized partnership. CHIC's Motion, however, argued that Plaintiff used this partnership liability to try and create a hook by which Plaintiff could hold CHIC liable for other Defendants' actions.

(Motion, at 8-9.) This is especially true where, as here, Plaintiff has not alleged any factual allegations regarding CHIC's conduct. Plaintiff takes this tact – balding claiming a partnership exists – presumably to get around Tenn. Code Ann. § 29-11-107's limitation on joint and several liability.

## CONCLUSION

For the foregoing reasons and for those reasons outlined in the Motion as well as the BB Bonding Defendants' Reply in Support of their Motion to Dismiss, CHIC respectfully requests that the Court dismiss with prejudice Count I (Wrongful Death); Count II (42 U.S.C. § 1983), and Count V (Partnership Liability).

Respectfully submitted,

*/s/ William N. Helou*
William N. Helou (#22839)
WSMLEGAL PLLC
2817 West End Avenue
Suite 126-07
Nashville, TN 37203
(615) 900-5585
whelou@wsmlegal.com

and

*/s/ James Bryan Lewis*
James Bryan Lewis (#15116)
1300 Division Street, Suite 307
Nashville, Tennessee 37203
(615) 256-8181
bryan@bryanlewislaw.com

*Counsel for Defendant Continental Heritage Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following counsel on November 4, 2025, through the Court's CM/ECF system, and on the parties for those that have not been served, at the addresses contained on the summonses:

| | |
|---|---|
| Philip Elbert<br>Elizabeth Tipping<br>Satchel Fowler<br>**Womble Bond Dickinson (US) LLP**<br>1222 Demonbreun St, Ste 1201<br>Nashville, TN 37203<br>(629) 312-1823<br>phil.elbert@wbd-us.com<br>liz.tipping@wbd-us.com<br>satchel.fowler@wbd-us.com<br><br>*Counsel for Robert Lance Johansen* | Matt Pietsch<br>**Gordon Rees Scully Mansukhani**<br>4031 Aspen Grove Dr, Ste 290<br>Franklin, TN 37067<br>mpietsch@grsm.com<br><br>*Counsel for Unserved Party American Contractors Indemnity Company* |
| Joseph Zanger<br>**Zanger Law Firm**<br>135 Clif Garret Dr<br>White House, TN 37188<br>joe@zangerlaw.com<br><br>*Counsel for Nakeda Wilhoite and Freedom Monitoring, LLC* | Tyrell White d/b/a On Time Bonding<br>704 Pin Oak Dr<br>Antioch, TN 37013 |
| Neicola McMillian<br>1018 32nd Ave N.<br>Nashville, TN 37209 | Alisha Ridley<br>101 Davis Park Drive, Unit 119<br>Smyrna, TN 37167 |

*/s/ William N. Helou*