# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **ROBERT LANCE JOHANSEN as** | ) | |
| **administrator of the estate of** | ) | |
| **LAUREN JOHANSEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 3:25-cv-00690** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **BROOKE'S BAIL BONDING, LLC,** *et al*. | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY BY DEFENDANT AMERICAN CONTRACTORS INDEMNITY COMPANY IN SUPPORT OF MOTION TO DISMISS

Defendant American Contractors Indemnity Company ("ACIC") submits this Reply in support of ACIC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 59].

Plaintiff's Response [Doc. 67] begins where the Amended Complaint [Doc. 47] left off, mischaracterizing legal conclusions couched as facts. For example, while on the one hand the Response points to the factual allegation that ACIC and On Time Bonding split premium payments from bail bonds, Response, at P. 1, Plaintiff attempts to blend this allegation into the unsupported legal conclusion that ACIC and On Time Bonding "split the partnership's profits," as if ACIC and On Time Bonding were co-owners of On Time Bonding's business. *Id*. As ACIC cited in its Memorandum [Doc. 60], Tennessee law does not equate receipt of a share or percentage of a payment from a sales transaction with the type of profit-sharing required to trigger or give rise to the existence of an implied partnership or joint venture. *Id*., at P. 9 (citing *Webster v. Estate of Dorris*, No. M201402230COAR3CV, 2016 WL 502009, at *6-7 (Tenn. Ct. App. Feb. 4, 2016).

The allegations pled in the Amended Complaint support ACIC's argument in this regard. *See* Doc. 47, at ¶ 51 ("Whenever a criminal defendant, or an individual on behalf of a criminal defendant, paid a premium for bail bonding services, On Time Bonding and ACIC would each receive a portion of that premium.").[1] There are no factual allegations whatsoever that support the conclusion that ACIC and On Time Bonding shared the profits of their respective businesses.

Similarly, the Response mischaracterizes the allegations pled in the Amended Complaint regarding shared losses as well. *See* Doc. 67, at 1. The Amended Complaint alleges that, "[i]f a criminal court required forfeiture of a bond, On Time Bonding and ACIC shared the cost of paying that bond to the criminal court." Doc. 47, at ¶ 52. Even accepting Plaintiff's allegations as true for purposes of the pending Motion to Dismiss, sharing contractual responsibility for payment – which is what a surety bond by definition is – of a specific bond does not equate to sharing in the financial losses of the underlying business that contracts to obtain the bond. The Amended Complaint is completely devoid of ***factual*** allegations that support the ***conclusory*** allegation that ACIC and On Time Bonding shared the losses of their respective businesses, beyond the alleged underlying surety bond's financial performance obligation.

The Response further attempts to engage in rhetorical misdirection by blurring the applicable standards for the existence of an implied partnership under Tennessee law by repeatedly characterizing ACIC as a "'dormant,' 'silent,' or 'secret' partner who intentionally keeps out of

---

[1] Contrary to Plaintiff's conclusory allegations or any requested inferences therefrom, "a surety bond is a thing, not a person." Littlejohn v. Moore, No. 1:20-CV-27542020, WL 12048972, at *2 (N.D. Ga. July 7, 2020) (citing the Definition of Surety Bond, available at https://www.merriam-webster.com/dictionary/surety%20bond (defining surety bond as "a bond guaranteeing performance of a contract or obligation")).

the public eye and reaps profits from the shadows." Doc. 67, at 10. Plaintiff's citation to the 1884 case of *Boro v. Harris*, 81 Tenn. 36 (1884) provides no legal support for his argument – by analogy or implication – that the "splitting" allegations in the Amended Complaint are sufficient to establish that ACIC was a "silent partner" in the ownership of On Time Bonding. *Boro* states that property bought with partnership assets can become partnership property for the purposes of creditors. *Id*., at 47. But that is without import and altogether irrelevant to what Plaintiff has pled – and failed to plead – in this case.

There is no construction of the bail bonding business model described in the Amended Complaint that supports any reasonable inference that an insurance company's alleged pledge of credit as financial collateral in the issuance of individual bonds to guarantee financial performance is the legal equivalent of "a silent partner [who] contributes money, credit, or property" and who effectively become the co-owner of another business. *See* Doc. 67, at P. 7. To hold otherwise would suggest that the entire surety bond market and industry, whether it be in the form of performance, payment or retention bonds, *de facto* operates as a "silent partner" and an implied partnership and joint venture with every principal purchaser (such as On Time Bonding) who purchases a surety bond. The Response offers no support or legal authority for such a unprecedented change in interpretation.

Accordingly, ACIC requests that the Court grant the Motion and dismiss Plaintiff's Complaint against ACIC with prejudice.

3

**Dated: November 14, 2025.**          Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By:     *s/ Matthew C. Pietsch*
        **MATTHEW C. PIETSCH**, TN BPR No. 024659
        4020 Aspen Grove Drive, Suite 500
        Franklin, TN 37067
        Phone: 615-722-9000
        Fax: 615-970-7490
        mpietsch@grsm.com

*Counsel for Defendant*
*American Contractors Indemnity Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed with the Court and served on all parties of record via the Court's electronic filing system on **November 14, 2025**.

| | |
|---|---|
| Philip N. Elbert<br>Elizabeth Tipping<br>Satchel Fowler<br>Womble Bond Dickinson (US) LLP<br>1222 Demonbreun Street, Suite 1201<br>Nashville, TN 37203<br>phil.elbert@wdb-us.com<br>liz.tipping@wbd-us.com<br>satchel.fowler@wbd-us.com<br><br>Attorneys for Plaintiff | Bryan Lewis<br>Bryan Lewis Law<br>1300 Division Street, Suite 307<br>Nashville, TN 37203<br>bryan@bryanlewislaw.com<br><br>Will Helou<br>WSMLegal PLLC<br>2817 West End Avenue, Suite 126-107<br>Nashville, TN 37203<br>whelou@wsmlegal.com<br><br>Attorneys for Brooke's Bail Bonding, LLC, Brooke Harlan-Evitts and Continental Heritage Insurance Company |
| Joseph Zanger<br>Zanger Law Firm<br>135 Clif Garret Drive<br>White House, TN 37188<br>joe@zangerlaw.com<br><br>Attorney for Nakeda Wilhoite and Freedom Monitoring LLC | Tyrell White d/b/a On Time Bonding<br>704 Pin Oak Dr.<br>Nashville, TN 37209<br><br>Alisha Ridley<br>101 Davis Park Drive Unit 119<br>Smyrna, TN37167 |

*/s/ Matthew C. Pietsch*

5