# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| ROBERT LANCE JOHANSEN as administrator of the estate of LAUREN JOHANSEN, | ) ) ) ) | |
| **Plaintiff** | ) ) | |
| v. | ) ) | 3:25-cv-00690 |
| | ) | Judge Aleta Trauger |
| BROOKE'S BAIL BONDING, LLC et al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION FOR CERTIFICATION OF THE COURT'S JUNE 23, 2026, ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff respectfully moves the Court to certify for immediate appeal its June 23, 2026, Order (DN 73) and Memorandum (DN 72, collectively the "Order") dismissing Plaintiff's § 1983 claims against Defendants Brooke's Bail Bonding, LLC and Brooke Harlan-Evitts (collectively "Brooke Defendants") pursuant to 28 U.S.C. § 1292(b).

As this Court recognizes, the Order involves a novel question of law for which little controlling authority exists. The fate of these § 1983 claims not only significantly impacts Plaintiffs' rights against the Brooke Defendants, the ruling has practical impacts concerning Plaintiff's § 1983 claims against other defendants in this case—a fact this Court acknowledges. (*See* DN 72 at 36.) An immediate appeal will also materially advance the ultimate termination of the litigation because, unlike an appeal in the normal course, interlocutory review will avoid the necessity of a second trial and reopening of discovery to allow Plaintiff to discover evidence relevant only to the § 1983 claims that will otherwise go undiscovered. This Court should therefore certify the Order for immediate appeal.

Bricen Rivers was arrested in Nashville, Tennessee for savagely beating Lauren Johansen while the two were on a trip from their homes in Mississippi. (Am. Compl. ¶¶ 53-54, DN 47.) His mother contracted with Defendants Brooke's Bail Bonding, LLC, and On Time Bonding to post Mr. Rivers' bail bond, and the Davidson County Criminal Court ordered Mr. Rivers' release from custody subject to several conditions for the protection of Ms. Johansen. (*See id.* ¶¶ 56-78.) The conditions included requiring Mr. Rivers to remain in Davidson County and be subject to GPS monitoring. (*See id.* at ¶ 68.) The criminal court tasked the bonding companies with enforcing the conditions on Mr. Rivers' bond. (*See id.* ¶¶ 70-71.)

After Mr. Rivers was released from custody into the bond companies' supervision, they repeatedly allowed him to break the conditions of his bond with impunity and to travel freely between Mississippi and Tennessee. (*See id.* ¶¶ 78-98.) They also used an unauthorized GPS monitoring company that failed to adequately track Mr. Rivers' whereabouts, directly violating the criminal court's order. (*Id.* ¶¶ 79-81.) After the bonding companies released Mr. Rivers, they allowed him to travel to Mississippi and kill Ms. Johansen. (*Id.* ¶ 107.)

Plaintiff asserts claims in this Court against the bonding companies, their principals/agents/employees, and insurance conglomerates that provided the funds to post Mr. Rivers' bond. (*See id.* ¶¶ 108-177.) In addition to common law negligence claims, Plaintiff asserts claims under 42 U.S.C. § 1983, arguing that the bonding companies' and their principals/agents/employees' de facto role as pretrial services for Davidson County Criminal Court's subjects them to liability as state actors. (*See id.* ¶¶ 128-55.)

In a memorandum opinion issued June 23, 2026, the Court dismissed Plaintiff's § 1983 claims against the Brooke Defendants under Fed. R. Civ. P. 12(b)(6). The Order concludes that

these claims fail as a matter of law based on the Court's holding that pretrial supervision is not a traditional and exclusive state function and that the Brooke Defendants did not act in concert with the police. (DN 72.)

**<u>Legal Standard</u>**

This Court may amend an interlocutory order to certify it for appeal. 28 U.S.C. § 1292(b); *see also* Fed. R. Civ. P. 54(b), 59(e). Under § 1292(b), a district court may certify an order for interlocutory appeal if it is "of the opinion" that three conditions are met: (1) "the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion and (3) an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting § 1292(b)).

**<u>Discussion</u>**

The Court's Order meets all three elements required for an immediate appeal under § 1292(b) with respect to dismissal of Plaintiff's § 1983 claims against Defendants.

**I.      The Court's June 23, 2026, Order decides a controlling question of law**

Certification under § 1292(b) is appropriate where the district court's order concerns (a) a question of law (b) that is controlling. Both prongs are satisfied here.

The Court's Order involves a question of law, i.e., whether Defendants are state actors for purposes of a § 1983 claim. The Sixth Circuit is clear that "the sufficiency of a complaint is a question of law" for purposes of satisfying the first factor under § 1292(b). *See In re Trump*, 874 F.3d at 951 (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)). And "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992); *see also In re Trump*,

3

874 F.3d at 951 (holding issues are "undoubtedly controlling" when their resolution "could materially affect the outcome of the case" (quoting *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002)); 16 Fed. Prac. & Proc. Juris. § 3930 ("A steadily growing number of decisions, however, have accepted the better view that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.").

Here, whether Plaintiff's § 1983 claims fail as a matter of law materially affects the outcome of this case. The Order dismisses the § 1983 claims against Defendants because (1) there was no Sixth Circuit or Supreme Court authority addressing whether pretrial supervision is a traditionally exclusive function and (2) under the nexus test, the Court concluded that concerted action by state officials in the challenged conduct itself was required. (DN 72 at 23, 27.) Both are pure questions of law appropriate for certification under § 1292(b). *See, e.g., Getachew v. Central Ohio Workforce Inv. Corp.*, No. 2:11-CV-169, 2011 WL 3684480, at *2 (S.D. Ohio Aug. 23, 2011) (citing *Neuns v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002)).

Either question is also controlling as it materially affects the outcome of this case. Whether § 1983 claims may be brought against the Brooke Defendants is dispositive of the discovery and remedies available to Plaintiff and, by the Court's own characterization, "has obvious implications for the other defendants in this case." (DN 72 at 36.) Indeed, the Order's holdings with regard to these § 1983 claims likely controls how Plaintiff's other § 1983 claims will be resolved. *See, e.g., Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) (holding under the "law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation"); *Gillig v. Adv. Cardiovascular Sys.*, 67 F.3d 586, 590 (6th Cir. 1995) (describing the law-of-the-case doctrine as a discretionary tool at the district court

4

level to promote judicial efficiency). If in fact Plaintiff has plausibly alleged that the Brooke Defendants are state actors for purposes of his § 1983 claims, the outcome of this litigation is affected because Plaintiff will have lost the ability to rightfully pursue those claims against Defendants. That loss includes the ability to pursue the discovery necessary to prove these claims, the available remedies (which include damages in excess of Tennessee's noneconomic damages cap), and attorney's fees.

Further, Plaintiff has colorable arguments as to the remaining elements of his § 1983 claim. As discussed in the briefing on Defendants' motion to dismiss, Ms. Johansen had a federally protected interest "to be free from 'unjustified intrusions on personal security.'" (DN 62 at 19 (quoting *Kallstron v. City of Columbus*, 136 F.3d 1055, 1062 (6th Cir. 1998).) And Defendants were aware that Mr. Rivers posed an increased risk of harm to Ms. Johansen as compared to the general public, but nonetheless procured his release from jail and released him without any safeguards in place, leading to Ms. Johansen's death. The question of whether the Brooke Defendants are state actors is therefore dispositive of Plaintiff's ability to bring these claims and is material to this litigation.

## II. Substantial ground for difference of opinion exists as to whether a private bonding company is a state actor under § 1983

Substantial ground for difference of opinion exists where "reasonable jurists might disagree on the issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d at 952 (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). Put differently, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* (quoting *Reese*, 643 F.3d at 688).

Courts in this Circuit find a substantial difference of opinion exists when: "(1) the question is difficult or novel and there is little precedent on the issue, or the correct decision is not substantially guided by prior decisions; (2) the question is difficult and one of first impression; (3) there is a difference of opinion among the district courts within the controlling circuit; or (4) there is a circuit split on the issue." *In re Trivest Partners LP*, 2025 WL 4945280 at *1-2 (6th Cir. Mar. 21, 2025) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). Substantial grounds for differences of opinion exist with respect to both theories of state action here.

First, with respect to whether pretrial supervision of violent criminal defendants is a traditional state function, the Order concludes that the Sixth Circuit lacks controlling precedent to decide the issue. (Mem. at 21, DN 72.) The Court recognizes that some out-of-circuit caselaw supports Plaintiff's position, but nonetheless relies on its own experience with federal pretrial bail and a handful of other unreported, out-of-circuit district court opinions to dismiss the § 1983 claims. (*Id*. at 21-23.) The difficult questions presented in this case with respect to the § 1983 claims are the types of matters identified in *Miedzianowksi* as those in which there is a substantial difference of opinion as required by § 1292(b), as they are either questions with little precedent on the issue, questions not substantially guided by prior decisions, or questions of first impression. Reasonable jurists could disagree on the Court's determination that the pretrial supervision of dangerous criminal defendants is not a traditional and exclusive state function. Reasonable jurists could also disagree about whether the Court faithfully applied the Rule 12(b)(6) standard in reaching its decision, given it looked to matters outside the pleadings.

Second, with respect to the Court's consideration of the "nexus" theory, the Court acknowledges the analysis turns on the challenged conduct but only considers cases involving challenged conduct substantially different from the challenged conduct at issue here. (Mem. at

24-26, DN 72.) Because the vast majority of § 1983 caselaw concerning bonding companies comes from cases where a criminal defendant sues for the manner of his or her arrest, the Court reasonably looked to those. Those cases are often brought by individuals who are in prison and acting *pro se*.

At least one Circuit Court holds that a bonding company is a state actor under the nexus test. *See Jackson v. Pantazes*, 810 F.2d 426, 430 (4th Cir. 1987). While this Court factually distinguished *Jackson* because the police were present during the bonding company's challenged conduct, (DN 72 at 22) the Fourth Circuit, respectfully, did not find that fact was determinative in applying the nexus test. *See Jackson*, 810 F.2d at 430. Instead, separate from its discussion of joint action by private party and public official, the Fourth Circuit was clear that the bonding company's conduct was state action simply because of "the symbiotic relationship between bail bondsmen and the Maryland criminal court system . . . ." *Id.* That system is exactly what Plaintiff described in the Complaint and in his response to Defendant's motion as a basis for state action. The Davidson County court system, which governs the Defendants in this case, describes bonding companies as an "agent of the Court." Reasonable jurists could disagree about whether bonding companies, which the criminal court itself considers "an integral part of the operation of the court," have a sufficient nexus with the State of Tennessee so as to render them state actors in certain circumstances.

### III. An immediate appeal will materially advance the litigation

The third condition is met "where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000) (citing *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp.

7

2d 825, 833 (N.D. Ohio 1998)).  Whether an immediate appeal will materially advance the litigation overlaps with whether the question of law to be certified is "controlling."  *See* 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.).  This factor is more easily met "early in the proceedings."  *See id*. (citing *Iron Workers*, 29 F. Supp. 2d at 833).

If the § 1983 claims should survive dismissal, such a ruling will radically alter the trajectory of this litigation.  If the Sixth Circuit were to later, on appeal, conclude that the § 1983 claims were wrongly dismissed from this litigation, the parties would essentially be starting from the beginning on remand.  *See*, *e.g.*, *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, 2025 WL 2111093 at *10 (W.D. Tenn. July 28, 2025) (finding the third factor for certification under § 1292 met where an appeal at the conclusion of the case could force the parties to, in essence, restart the case based on the Sixth Circuit's ruling). The parties would have to engage in new discovery and prepare the § 1983 claims for a second trial.  *See Flowers-Carter v. Braun Corp.*, No. CV-18-03836, 2021 WL 2416805, at *3, 6 (D. Ariz. June 14, 2021).

<u>**Conclusion**</u>

Accordingly, the Court should certify its June 23, 2026, Order for immediate appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

**Womble Bond Dickinson (US) LLP**

*/s/ Philip N. Elbert*
Philip Elbert, # 009430
Elizabeth Tipping, # 023066
Satchel Fowler, # 039624
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
Telephone: (629)-312-1823
phil.elbert@wbd-us.com
liz.tipping@wbd-us.com
satchel.fowler@wbd-us.com

8

## **L.R. 7.01 Certification**

In accordance with L.R. 7.01, on July 20, 2026, Plaintiff's Counsel reached out to counsel for all represented Defendants via email to determine Defendants' position on the relief requested in this motion.  Counsel for Ms. Wilhoite and Freedom Monitoring, LLC, did not respond.  Counsel for Ms. Harlan-Evitts and Brooke's Bail Bonding, LLC, asked for additional information regarding the basis for the motion and advised that they may not be able to ascertain their clients' position on the requested relief before Plaintiff filed his motion.  Plaintiff provided the requested information the morning of July 21, 2026, but has not yet heard back from Counsel for Ms. Harlan-Evitts and Brooke's Bail Bonding, LLC.

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing has been sent via the method indicated below on the following this the 21st day of July 2026.

| Via the Court's E-Filing System | Via U.S. Mail |
|---|---|
| Bryan Lewis<br>**Bryan Lewis Law**<br>1300 Division St. Suite 307<br>Nashville, TN 37203<br>bryan@bryanlewislaw.com<br><br>Will Helou<br>**WSMLegal PLLC**<br>2817 West End Avenue, Suite 126-107<br>Nashville, TN 37203<br>whelou@wsmlegal.com<br><br>*Counsel for Brooke's Bail Bonding, LLC, and Brooke Harlan-Evitts* | Tyrell White d/b/a On Time Bonding<br>704 Pin Oak Dr.<br>Antioch, TN 37013 |
| Joseph Zanger<br>**Zanger Law Firm**<br>135 Clif Garret Drive<br>White House, TN 37188<br>joe@zangerlaw.com<br><br>*Counsel for Nakeda Wilhoite and Freedom Monitoring, LLC* | Neicola McMillian<br>1018 32nd Ave N.<br>Nashville, TN 37209 |
|  | Alisha Ridley<br>101 Davis Park Drive Unit 119<br>Smyrna, TN 37167 |

*/s/ Philip N. Elbert*

10