# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| ROBERT LANCE JOHANSEN as administrator of the estate of LAUREN JOHANSEN, | ) ) ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 3:25-cv-00690 |
| | ) | |
| BROOKE'S BAIL BONDING, LLC, FREEDOM MONITORING SERVICES, LLC, TYRELL WHITE d/b/a ON TIME BAIL BONDING, BROOKE HARLAN-EVITTS, JAY OTEY, NEICOLA McMILLIAN, NAKEDA WILHOITE, & ALISHA RIDLEY | ) ) ) ) ) ) ) ) ) | Judge Aleta A. Trauger JURY DEMAND |
| | ) | |
|     Defendants. | ) | |

---

## DEFENDANT BROOKE HARLAN-EVITTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

Comes now Defendant Brooke Harlan-Evitts (hereinafter referred to as "Harlan-Evitts") by and through counsel, and respond to Plaintiff's Complaint as follows:

Harlan-Evitts denies all allegations in Plaintiff's preamble directed towards her.

1. Harlan-Evitts admits the allegations contained in Paragraph 1 of the Complaint.

2. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

3. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

4. Harlan-Evitts admits the allegations of Paragraph 4 of the Complaint.

5. Harlan-Evitts admits the allegations of Paragraph 5 of the Complaint, except Wilhoite

1

worked as an independent contractor for Brooke's Bonding.

6. Harlan-Evitts admits the allegations of Paragraph 6 of the Complaint, except McMillian worked as an independent contractor for Brooke's Bonding.

7. Harlan-Evitts admits the allegations of Paragraph 7 of the Complaint, except Ridley worked as an independent contractor for Brooke's Bonding.

8. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

9. This entity has been dismissed from this litigation; as a result, no response is required. To the extent a response is required, Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

10. This entity has been dismissed from this litigation; as a result, no response is required. To the extent a response is required, denied that BBB and CHIC operated as "partners"; Harlan-Evitts lacks knowledge or information sufficient to form a belief as to the remaining averments, which therefore have the effect of a denial.

11. Admitted upon information and belief that Plaintiff was appointed administrator by order entered June 2, 2025. Harlan-Evitts lacks knowledge or information sufficient to form a belief as to the remaining averments, which therefore have the effect of a denial.

12. Admitted that the Complaint invoked 28 U.S.C. § 1331; however, the Court has since dismissed all claims arising under federal law. To the extent a further response is required, denied.

13. Admitted that the Complaint invoked 28 U.S.C. § 1367; however, the Court has since dismissed all claims arising under federal law. To the extent a further response is

2

required, denied.

14. Harlan-Evitts admits the allegations of Paragraph 14 of the Complaint.

15. Harlan-Evitts admits the allegations of Paragraph 15 of the Complaint.

16. This entity has been dismissed from this litigation; as a result, no response is required. To the extent a response is required, this allegation is denied.

17. This entity has been dismissed from this litigation; as a result, no response is required. To the extent a response is required, this allegation is denied, and Harlan-Evitts specifically denies that BBB engaged in negligent, reckless, malicious, and/or deliberately indifferent conduct.

18. Harlan-Evitts admits the allegations of Paragraph 18 of the Complaint.

19. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

20. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

21. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the law, as written, speaks for itself, and any characterization of it is denied. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the practices of other bail bonding services, which allegations therefore have the effect of a denial.

22. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the law, as written, speaks for itself, and any characterization of it is denied.

23. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the law, as written, speaks for itself, and any

3

characterization of it is denied. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the "typical" practices of other bail bonding services, which allegations therefore have the effect of a denial.

24. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the law, as written, speaks for itself, and any characterization of it is denied. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the practices of other bail bonding services, which allegations therefore have the effect of a denial.

25. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

26. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

27. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

28. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

29. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

30. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

31. This is a legal conclusion that also speaks to the intention of the General Assembly and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

32. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what conditions are "commonly" imposed or how geographic restrictions are "typically" maintained, which allegations therefore have the effect of a denial.

33. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

34. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

35. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

36. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

37. Harlan-Evitts can only speak for herself. She admits she is currently a licensed bail bondsmen in Davidson County, Tennessee. The remainder of the allegations are denied.

38. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

39. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the law, as written, speaks for itself, and any characterization of it is denied. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the practices of other bail bonding services, which allegations therefore have the effect of a denial.

40. This allegation is a continuation of the allegation in paragraph 39, and as a result, Harlan-Evitts adopts her answer to that paragraph.

41. These defendants have been dismissed from this action. As a result, no response to this allegation is required.

42. CHIC has been dismissed from this lawsuit. As a result, no response to this allegation is required. To the extent one is required, this allegation is denied.

43. CHIC has been dismissed from this lawsuit. As a result, no response to this allegation is required. To the extent one is required, this allegation is denied.

44. CHIC has been dismissed from this lawsuit. As a result, no response to this allegation is required. To the extent one is required, this allegation is denied.

45. CHIC has been dismissed from this lawsuit. As a result, no response to this allegation is required.

46. CHIC has been dismissed from this lawsuit. As a result, no response to this allegation is required.

47. CHIC has been dismissed from this lawsuit. As a result, no response to this allegation is required.

48. ACIC has been dismissed from this lawsuit, and no response to this allegation is required. To the extent a response is required, Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

49. ACIC has been dismissed from this lawsuit, and no response to this allegation is required. To the extent a response is required, Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

50. ACIC has been dismissed from this lawsuit, and no response to this allegation is required. To the extent a response is required, Harlan-Evitts lacks knowledge or

information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

51. ACIC has been dismissed from this lawsuit, and no response to this allegation is required. To the extent a response is required, Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

52. ACIC has been dismissed from this lawsuit, and no response to this allegation is required. To the extent a response is required, Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

53. Harlan-Evitts admits the allegations of Paragraph 53 of the Complaint.

54. Admitted that Rivers was arrested and charged in connection with alleged conduct against Ms. Johansen. Harlan-Evitts lacks knowledge or information sufficient to form a belief as to whether the alleged conduct occurred, therefore it is denied.

55. Harlan-Evitts admits the allegations of Paragraph 55 of the Complaint.

56. Harlan-Evitts admits the allegations of Paragraph 56 of the Complaint.

57. Harlan-Evitts admits the allegations of Paragraph 57 of the Complaint.

58. Admitted that the criminal court lowered Bricen Rivers' bail to $150,000 by order entered April 3, 2024. Harlan-Evitts lacks knowledge or information sufficient to form a belief as to what prompted the Court's ruling, which averment therefore has the effect of a denial.

59. The allegations of Paragraph 59 do not call for a response from Harlan-Evitts. The Court Order speaks for itself. As a result, they are denied.

60. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth

7

of this allegation, which therefore has the effect of a denial.

61. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

62. Harlan-Evitts admits the allegations of Paragraph 62 of the Complaint.

63. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

64. Harlan-Evitts admits the allegations of Paragraph 64 of the Complaint.

65. Harlan-Evitts admits the allegations of Paragraph 65 of the Complaint.

66. Harlan-Evitts admits the allegations of Paragraph 66 of the Complaint.

67. Admitted that the Court convened a second bond hearing on June 5, 2024. Harlan-Evitts lacks knowledge or information sufficient to form a belief as to the Court's reason for convening the hearing, which averment therefore has the effect of a denial.

68. The allegations of Paragraph 68 do not call for a response from Harlan-Evitts. The Court Order speaks for itself. As a result, they are denied.

69. The allegations of Paragraph 69 do not call for a response from Harlan-Evitts. The Court Order speaks for itself. As a result, they are denied.

70. The allegations of Paragraph 70 do not call for a response from Harlan-Evitts. The Court Order speaks for itself. As a result, they are denied.

71. The allegations of Paragraph 71 do not call for a response from Harlan-Evitts. The Court Order speaks for itself. As a result, they are denied.

72. Harlan-Evitts admits the allegations of Paragraph 72 of the Complaint.

73. Harlan-Evitts admits the allegations of Paragraph 73 of the Complaint.

74. Harlan-Evitts admits BBB had collected $4,500 from Ms. Rivers. CHIC has been dismissed from this action, and no response is required to allegations involving it; to

the extent a response is required, those allegations are denied. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which therefore have the effect of a denial.

75. Harlan-Evitts admits the allegations of Paragraph 75 of the Complaint, except the Davidson County Warrant and Bond Office are a division of the Davidson County Criminal Court Clerk's Office.

76. The first sentence is admitted. Harlan-Evitts denies the remainder of this allegation.

77. Harlan-Evitts admits the allegations of Paragraph 77 of the Complaint .

78. Harlan-Evitts admits the allegations of Paragraph 78 of the Complaint .

79. Harlan-Evitts admits Ridley contacted Wilhoite. Harlan-Evitts denies any knowledge of the court order at that time or any inferences regarding it that may arise from this allegation.

80. Harlan-Evitts admits Wilhoite told Ridley to use one of Freedom's GPS monitors at Brooke's Bonding Office. Harlan-Evitts denies any knowledge of the court order at that time or any inferences regarding it that may arise from this allegation.

81. Harlan-Evitts admits Ridley installed the ankle monitor on Rivers and did not program so that an alert would go out if Rivers left Davidson County. Harlan-Evitts denies any knowledge of the court order at that time or any inferences regarding it that may arise from this allegation.

82. Harlan-Evitts admits Chelsea Rivers sent $130 for Rivers a bus ticket to Mississippi. Harlan-Evitts denies any knowledge of the court order at that time or any inferences regarding it that may arise from this allegation.

83. Harlan-Evitts admits Rivers left Brooke's Bonding office and used the $130 Chelsea Rivers sent him to travel to Mississippi using a bus ticket. Harlan-Evitts denies any knowledge of the court order at that time or any inferences regarding it that may arise from this allegation.

9

84. Harlan-Evitts admits Rivers traveled to Mississippi by purchasing a bus ticket Chelsea Rivers purchased for him with $130 sent to Brooke's Bonding. Harlan-Evitts denies any knowledge of the court order at that time or any inferences regarding it that may arise from this allegation.

85. Harlan-Evitts admits Rivers left and traveled to Mississippi. Harlan-Evitts denies any knowledge of the Court Order at that time or any inferences regarding it that may arise from this allegation.

86. Harlan-Evitts admits Freedom Monitoring began having issues with Bricen Rivers' ankle monitor. Harlan-Evitts denies she had knowledge Freedom Monitoring requested Rivers to return to Brooke's Bonding office at that time or any inferences regarding it that may arise from this allegation.

87. Harlan-Evitts admits the allegations of Paragraph 87 of the Complaint.

88. Harlan-Evitts admits the allegations of Paragraph 88 of the Complaint.

89. Harlan-Evitts denies the allegations of Paragraph 89 of the Complaint.

90. Harlan-Evitts admits Rivers arrived at Brooke's Bonding office to meet with Wilhoite. Harlan-Evitts denies she had knowledge Wilhoite had arranged this meeting and Wilhoite was not acting on behalf of Brooke's Bonding at that time or any inferences regarding it that may arise from this allegation.

91. Harlan-Evitts denies she had knowledge Mr. Rivers had returned to Brooke's Bail Bonding Office at that time or any inferences regarding it that may arise from this allegation.

92. Harlan-Evitts admits Ridley had planned to be at Brooke's Bonding office on June 29, 2024 to meet Wilhoite and Rivers, but Ridley was unable to do so because of a funeral. Harlan-Evitts denies she was aware of the meeting at that time.

93. Harlan-Evitts denies the allegations of Paragraph 93 of the Complaint.

94. Harlan-Evitts admits Rivers advised he could not stay at the Nashville address on the Order,

but Rivers advised he would stay with friends in Nashville.

95. Harlan-Evitts admits the allegations of Paragraph 95 of the Complaint.

96. Harlan-Evitts admits Wilhoite did not program the ankle monitor to inform Freedom Monitoring if Rivers left Davidson County or report non-compliance with the Court's Order. Harlan-Evitts denies she had knowledge of Wilhoite meeting with Rivers at Brooke's Bonding on June 29th at that time or any inferences regarding it that may arise from this allegation.

97. Harlan-Evitts denies of the allegations of Paragraph 97 of the Complaint. Harlan-Evitts had no knowledge of the bond conditions in the Court Order until June 28 and had no knowledge of the June 29th meeting between Rivers and Wilhoite.

98. Harlan-Evitts admits the allegations of Paragraph 98 of the Complaint. Harlan-Evitts denies she or Brooke's Bail Bonding had any lawful authority to detain or hold Mr. Rivers, and as a result, "released" is inaccurate. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth if the allegations as to the other Defendants, which allegations therefore have the effect of a denial.

99. Harlan-Evitts denies the allegations of Paragraph 99 of the Complaint.

100. Harlan-Evitts had no knowledge Mr. Rivers was in Nashville, therefore, she could not give any instructions relating to Mr. Rivers.

101. Harlan-Evitts lacks knowledge or information sufficient to form a belief as to the timing and route of Rivers' travel, which allegations therefore have the effect of a denial.

102. Harlan-Evitts admits Freedom Monitoring should have known Rivers' location and that he was leaving Tennessee. Harlan-Evitts denies she had knowledge of the June 29th meeting between Rivers and Wilhoite or had knowledge at that time that Rivers had left at the time or any inferences regarding it that may arise from this allegation.

103. Harlan-Evitts admits she did not contact authorities to apprehend Rivers because she had no knowledge of the June 29th meeting between Rivers and Wilhoite at the time or any inferences regarding it that may arise from this allegation.

104. Harlan-Evitts admits she did not contact authorities in Mississippi to apprehend Rivers. Harlan-Evitts denies having knowledge of the June 29th meeting between Rivers and Wilhoite at that time or any inferences regarding it that may arise from this allegation.

105. Harlan-Evitts admits Harlan-Evitts did not contact Lauren Johansen or her family because Harlan-Evitts had no knowledge on June 29th that Rivers was in Nashville. Lauren Johansen was aware Rivers was leaving Nashville because she was traveling with him.

106. Harlan-Evitts denies the allegation of Paragraph 106 of the Complaint.

107. Harlan-Evitts denies the allegations of Paragraph 107 of the Complaint.

108. Harlan-Evitts incorporates its answer to the proceeding allegations.

109. Admitted that Plaintiff purports to bring this action as administrator of Lauren Johansen's estate. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Ms. Johansen's beneficiaries, lost wages, and claimed damages, which allegations therefore have the effect of a denial. Denied that any act or omission of Harlan-Evitts caused Ms. Johansen's death.

110. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

111. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

112. This is a legal conclusion and requires no response. To the extent it does, the law, as written, speaks for itself, and any characterization of it is denied.

113. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to

form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

114. Admitted as to Harlan-Evitts and Brooke's Bail Bonding. Denied as to other Defendants for lack of knowledge.

115. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

116. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

117. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

118. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

119. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

120. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

121. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which

allegations therefore have the effect of a denial.

122. Denied as to Harlan-Evitts. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining Defendants, which allegations therefore have the effect of a denial.

123. Harlan-Evitts denies all allegations of Paragraph 123 directed towards her.

124. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

125. Harlan-Evitts lacks knowledge or information sufficient to form a belief about the truth of this allegation, which therefore has the effect of a denial.

126. CHIC is no longer a defendant in this action. And this allegation requires no response.

127. CHIC has been dismissed from this action. Therefore, this allegation requires no response.

128. This count has been dismissed and thus allegations related to it require no response. To the extent a response is required, Harlan-Evitts incorporates her answers to the preceding paragraphs.

129. This count has been dismissed and thus allegations related to it require no response. To the extent a response is required, this allegation is denied.

130. This count has been dismissed and thus allegations related to it require no response. To the extent a response is required, this allegation is denied.

131. This count has been dismissed and thus allegations related to it require no response. To the extent a response is required, this allegation is denied.

132. This count has been dismissed and thus allegations related to it require no response. To the extent a response is required, this allegation is denied.

133. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

134. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

135. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

136. This Count has been dismissed and thus, allegations related to it require no response.

137. This Count has been dismissed and thus, allegations related to it require no response.

138. This Count has been dismissed and thus, allegations related to it require no response.

139. This Count has been dismissed and thus, allegations related to it require no response.

140. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

141. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

142. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

143. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

144. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

145. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

146. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

147. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

148. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

149. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

150. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

151. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

152. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

153. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

154. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

155. This count has been dismissed and thus allegations related to it require no response.

To the extent a response is required, this allegation is denied.

156. Harlan-Evitts incorporates her answers to the proceeding allegations.

157. Harlan-Evitts admits the allegations of Paragraph 157 of the Complaint.

158. Harlan-Evitts denies the allegations of Paragraph 158 of the Complaint.

159. Harlan-Evitts denies the allegations of Paragraph 159 of the Complaint.

160. Harlan-Evitts denies the allegations of Paragraph 160 of the Complaint.

161. Harlan-Evitts denies the allegations of Paragraph 161 of the Complaint.

162. Harlan-Evitts incorporates her answers to the proceeding allegations.

163. Harlan-Evitts admits the allegations of Paragraph 163 of the Complaint.

164. Harlan-Evitts admits the allegations of Paragraph 164 of the Complaint, except Wilhoite was an independent contractor for Brooke's Bail Bonding.

165. Harlan-Evitts denies the allegations of Paragraph 165 of the Complaint.

166. Harlan-Evitts denies the allegations of Paragraph 166 of the Complaint.

167. Harlan-Evitts denies all allegations of Paragraph 167 of the Complaint.

168. CHIC has been dismissed from this action. As a result, no response to this allegation is required. To the extent one is, Harlan-Evitts incorporates its prior answers.

169. CHIC has been dismissed from this action. As a result, no response to this allegation is required. To the extent one is, this allegation is denied.

170. CHIC has been dismissed from this action. As a result, no response to this allegation is required. To the extent one is, this allegation is denied.

171. CHIC has been dismissed from this action. Therefore, this allegation requires no response.

172. CHIC has been dismissed from this action. As a result, no response to this allegation is required. To the extent one is, this allegation is denied.

173. ACIC has been dismissed from this action. Therefore, this averment requires no response.

174. ACIC has been dismissed from this action. Therefore, this averment requires no response.

175. ACIC has been dismissed from this action. Therefore, this averment requires no response.

176. ACIC has been dismissed from this action. Therefore, this averment requires no response.

177. ACIC has been dismissed from this action. Therefore, this allegation requires no response.

178. Harlan-Evitts admits numbered Prayer One (1) and Eight (8). Harlan-Evitts denies numbered Pray Two (2), Three (3), Four (4), Five (5), Six (6), and Seven (7). Harlan-Evitts demands a jury of twelve (12) pursuant to Federal Rules of Civil Procedure 48(a).

179. To the extent any allegation of the Complaint requiring a response was not admitted or denied, it is denied.

---

## DEFENDANT BROOKE HARLAN-EVITTS' AFFIRMATIVE DEFENSES

---

**AFFIRMATIVE DEFENSE NO. 1**: Harlan-Evitts denies that she was negligent or otherwise at fault. However, pursuant to her right to plead in the alternative, Harlan-Evitts avers that if the trier of fact finds her at fault, the fault of nonparty Bricen Rivers, decedent Lauren Johansen, Defendants Freedom Monitoring Services, LLC, Tyrell White d/b/a On Time Bail Bonding, Jay Otey, Neicola McMillian, Nakeda Wilhoite, and Alisha Ridley, nonparty Chelsa Rivers, and the nonparty Metropolitan Government of Nashville and Davidson County, by and through the Davidson County Criminal Court Clerk's Office, should be compared pursuant to Tennessee law on comparative fault. Any judgment obtained by Plaintiff against Harlan-Evitts must be reduced by the percentage of fault attributable to others, and Harlan-Evitts is severally liable only for the percentage of damages, if any, attributed to it.

Bricen Rivers intentionally kidnapped, assaulted, and killed Lauren Johansen. His intentional criminal conduct was the sole, direct, and proximate cause of her death, and fault should be allocated to him to the fullest extent permitted by Tennessee law.

18

Decedent Lauren Johansen voluntarily met, communicated with, or disclosed her location to Mr. Rivers after his release, knowing of the pending charges against him, his prior actions toward her, and the no-contact condition of his bond. To the extent the trier of fact finds Ms. Johansen's fault to be fifty percent (50%) or more, Plaintiff is barred from any recovery.

Defendants Freedom Monitoring Services and Nakeda Wilhoite played a role in monitoring and ensuring Mr. Rivers' compliance with his bond conditions.

Tyrell White, Jay Otey, and Neicola McMillian each participated in, directed, facilitated and/or bore responsibility for decisions and actions concerning Rivers' continued release on bond.

Nonparty Chelsa Rivers, Bricen Rivers' mother, provided Mr. Rivers with the funds he used to travel to Ms. Johansen, knowing of the charges against him, his bond conditions, and his prior conduct toward Ms. Johansen.

The Davidson County Criminal Court Clerk's Office failed to provide the order containing Mr. Rivers' bond conditions until June 28, 2024, depriving Harlan-Evitts of knowledge of those conditions before that date and failed to transmit the Order and bond conditions to the Davidson County Sherriff's Department. The Davidson County Sherriff's Department would not have released Mr. Rivers until all bond conditions relating to the GPS monitor had been satisfied.

Each of the above-described acts and omissions contributed to Ms. Johansen's death.

**AFFIRMATIVE DEFENSE NO. 2**:  The intentional, criminal conduct of Bricen Rivers constitutes a superseding and independent intervening cause that breaks any chain of causation between any act or omission of Harlan-Evitts and Ms. Johansen's death, barring Plaintiff's recovery against Harlan-Evitts.

19

**AFFIRMATIVE DEFENSE NO. 3**:  Pursuant to the Tennessee Code, Harlan-Evitts may be held only severally liable for the percentage of damages, if any, for which fault is attributed to it by the trier of fact, and may not be held jointly liable for any damages.

**AFFIRMATIVE DEFENSE NO. 4**:  Any claim for punitive damages is subject to the limitations of the Tennessee Code and the due process limitations of the United States and Tennessee Constitutions, and Harlan-Evitts denies that her conduct meets the standard for punitive damages under Tennessee law.

WHEREFORE, Harlan-Evitts prays Plaintiff's Complaint be dismissed with costs taxed to Plaintiff. In the alternative, Harlan-Evitts demands a jury of twelve (12) persons pursuant to Federal Rules of Civil Procedure 48(a) to try this cause and such other further and general relief this Court deems just and appropriate.

Respectfully submitted,

/s/ *James Bryan Lewis*
**JAMES BRYAN LEWIS**, #15116
1300 Division Street, Suite 307
Nashville, Tennessee 37203
(615) 256-8181
bryan@bryanlewislaw.com

/s/ *William N. Helou*
**WILLIAM N. HELOU**, #22839
WSM LEGAL PLLC
2817 West End Avenue, Suite 126-107
Nashville, Tennessee 37203
(615) 900-5585
whelou@wsmlegal.com

*Counsel for Defendants Brooke's Bail*
*Bonding, LLC and Brooke Harlan-Evitts*

20

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served upon the following via the method indicated on this, the 22nd day of July 2026:

**Philip N. Elbert**                                          Via Electronic Mail
**Elizabeth Tipping**
**Satchel Fowler**
Womble Bond Dickinson LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
phil.elbert@wbd-us.com
liz.tipping@wbd-us.com
satchel.fowler@wbd-us.com
*Attorneys for Plaintiff*


**Joseph Zanger**                                            Via Electronic Mail
Zanger Law Firm
135 Clif Garret Drive
White House, TN 37188
joe@zangerlaw.com
*Attorney for Nakeda Wilhoite*
*and Freedom Monitoring LLC*


**Tyrell White**                                             Via U.S. Mail, Postage Prepaid
d/b/a On Time Bonding
704 Pin Oak Dr.
Antioch, TN 37013


**Neicola McMillian**                                        Via U.S. Mail, Postage Prepaid
1018 32nd Ave N.
Nashville, TN 37209


**Alisha Ridley**                                            Via U.S. Mail, Postage Prepaid
101 Davis Park Drive
Unit 119
Smyrna, TN 37167



                                          */s/ William N. Helou*
                                          William N. Helou