ROBERT LANCE JOHANSEN as            )
administrator of the estate of           )
LAUREN JOHANSEN,                     )
                                                    )
    Plaintiff                           )
                                                    )     3:25-cv-00690
v.                                                  )
                                                    )     Judge Aleta Trauger
BROOKE'S BAIL BONDING, LLC et al.  )     JURY TRIAL DEMANDED
                                                    )
    Defendants.                       )

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION:  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

B.     BRIEF THEORIES OF THE PARTIES

    1)  PLAINTIFF:

Defendants negligently oversaw the pretrial supervision of Bricen Rivers, a violent criminal defendant, and, as a result, Ms. Johansen was killed.  Defendants knew that Rivers presented a threat of bodily harm to Ms. Johansen but made no effort to enforce the court-imposed conditions of bond, despite their representations to the Court that they would do so. Defendants used an unauthorized GPS monitoring service to track Rivers's whereabouts, and that service did not program the GPS monitoring system to alert anyone if Rivers breached the geographical restrictions imposed on him by the Court.  Defendants had repeated opportunities to take Rivers into custody and return him to jail for violating the conditions of his bond.  If they had done so, Rivers would be in jail today, and Ms. Johansen would still be alive.

Ms. Johansen was a young woman who was gainfully employed at the time of her death and actively considering additional education. She was also the daughter of a prominent

orthopedic surgeon and had the opportunity and support to pursue a lucrative career. Accordingly, her estate has suffered enormous economic damages, potentially totaling many millions of dollars, the full extent of which Plaintiff will require expert assistance to ascertain.

Ms. Johansen also suffered unimaginable pain, suffering, loss of enjoyment of life, and mental anguish. She was hunted down while she believed her abuser was restrained to another state. Bricen Rivers ripped her out of her home and mercilessly beat her to death.

Defendants' conduct in this case was egregious and shocking to the conscience and warrants an award of punitive damages.

Finally, because of agreements among the parties, all of the business-entity Defendants are jointly and severally liable.

By omitting any reference to the claims dismissed by the Court's June 23, 2026, Order, Plaintiff does not intend to waive any rights on appeal.

2) DEFENDANTS:

a. Brooke Harlan-Evitts and Brooke's Bail Bonding, LLC:

This litigation is predicated on a mistaken understanding of the bail process in Davidson County, Tennessee. The standard practice in Davidson County is to report geographically-related bond violations to the appropriate authority for a later hearing, not for the bail bondsman to surrender the defendant. That practice is supported by the findings of the panel of Tennessee criminal court judges, which considered this question. The facts of this case make the point clearer still.

Every entity involved in Mr. Rivers' bond conditions knew of his travel to Mississippi, including the criminal court, the criminal court's liaison who oversees ankle monitors, the Davidson County District Attorney, the Davidson County Sheriff's Department, and Ms. Johansen,

herself. Not one of those parties sought his arrest. In fact, the criminal court and the District Attorney did not treat the violation as cause to arrest Mr. Rivers but instead scheduled a hearing on his travel to Mississippi. It is also worth noting that, when he was asked to return from Mississippi, Mr. Rivers did so voluntarily, which is not the action of someone skipping bail. What everyone involved knew was that a cooperative defendant had traveled out of the county. No one, not the court, not the District Attorney, not Ms. Johansen thought a homicide was a reasonably foreseeable result. That is precisely why a hearing was set rather than an arrest ordered.

Only when Mr. Rivers failed to appear at that hearing did the criminal court decide to order his arrest. It issued a capias warrant for Mr. Rivers' arrest.

Beyond the misunderstanding of the bail process underlying this entire action, this action will fail as to Brooke Harlan-Evitts and Brooke's Bail Bonding, LLC, as a result of comparative fault. More than any other cause, Ms. Johansen's tragic death is the result of her own decision-making. She chose to visit with, travel from and to Mississippi with, and spend the night with Mr. Rivers after his arrest for violence against her and his release on bail. In fact, Mr. Rivers' mother paid for Mr. Rivers' trip to Mississippi to visit with her. Under Tennessee's modified comparative fault regime, fault of fifty percent or more bars recovery entirely, and any lesser share reduces it.

Ms. Johansen's death is also the result of the failure of the Davidson County Criminal Court Clerk's Office's State Warrant and Bond Division ("Warrant and Bond") to transmit Bricen Rivers' bond conditions. Warrant and Bond failed to provide those conditions to the bail agents when the bond was posted and failed to notify the Davidson County Sheriff's Office of them. As a result, Mr. Rivers walked out of the jail with no ankle monitor and no geographic restriction in place. That transmission is the standard practice and procedure of Warrant and Bond, and it is relied upon by the Sheriff's Office and by bail companies and agents alike. It is also what Tennessee law

3

requires: the court must transmit the conditions of release to the law enforcement agency having custody of the defendant, and that agency must furnish them upon his release. Tenn. Code Ann. § 40-11-150.

Finally, once the ankle monitor was attached, to the extent there was a failure to monitor and report Mr. Rivers' location, that failure falls at the feet of the monitoring agents and company. Tennessee law places the monitoring obligation on the county — GPS monitoring ordered as a condition of bail "shall be provided by the county or municipality in which the court ordering the monitoring is located," Tenn. Code Ann. § 40-11-152(k) — and places the duty to report violations on the entity operating the monitoring system, which reports to the magistrate and local law enforcement. Tenn. Code Ann. § 40-11-152(i). Neither obligation belonged to Brooke's Bonding or Ms. Harlan-Evitts.

There was nothing Brooke Harlan-Evitts or Brooke's Bail Bonding should have done that would have prevented the death of Ms. Johansen. Responsibility for this tragedy lies with Warrant and Bond, with the monitoring company and its agents, and with Ms. Johansen's own choices.

Separately, Ms. Harlan-Evitts, individually, was not directly involved with any material aspect of the facts relevant to the underlying claim. Her ownership of Brooke's Bail Bonding, LLC, is not enough to make her personally liable in this matter.

b. Nakeda Wilhoite and Freedom Monitoring Services LLC

Freedom Monitoring Services at all times relevant to this lawsuit was an independent third party contractor to Brooks Bail Bonding. Freedom Monitoring Services had the duty of affixing the ankle monitor and monitoring the subject of the monitoring the subject and reporting to Brooks Bail Bonding if the subject of the monitor left Davidson County, which Freedom Monitoring did. Freedom Monitoring Services LLC fulfilled its responsibility to the Bonding company charged

4

with supervising Mr. Rivers and did not act in any way that would make Freedom Monitoring Services LLC liable in this matter.

While Nakeda Wilhoite has written bonds for Brooks Bail Bonding, she was not individually involved with any facts relevant to this claim outside of her ownership of Freedom Monitoring Services LLC. Her connection with Brooks Bail Bonding is not enough to maker her personally liable in this matter and, as the principal of Freedom Monitoring Services LLC she discharged her duty under the terms of the agreement between Freedom Monitoring Services LLC and Brooke's Bail Bonding LLC.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 4, 2026**.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **March 19, 2027**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **January 15, 2027**.

H. DISCLOSURE OF EXPERTS: The party bearing the burden of proof on an issue shall identify and disclose all expert witnesses and expert reports on or before **May 14, 2027**.

5

Responding parties shall identify and disclose all expert witnesses and reports on or before **June 18, 2027**.

I.      DEPOSITIONS OF EXPERT WITNESSES:  The parties shall depose all expert witnesses on or before **August 6, 2027**.

J.      JOINT MEDIATION REPORT:  The parties will discuss the prospect of engaging in a formal mediation toward the end of fact discovery or earlier, if agreed to.  Following this discussion, the parties will file a Joint Mediation Report that informs the Court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the mediation.  The Joint Mediation Report will be filed by **July 1 2027**.

K.      DISPOSITIVE MOTIONS:  Dispositive motions shall be filed no later than **September 17, 2027**.  Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response.  Briefs shall not exceed 25 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L.      ELECTRONIC DISCOVERY:  The parties are still in discussions formulating an agreement on how to conduct discovery of electronically stored information and anticipate submitting an agreed ESI Protocol prior to the initial case management conference.

M.      ESTIMATED TRIAL TIME:  The jury trial of this action is expected to last approximately five days.

ALETA A. TRAUGER
U.S. DISTRICT JUDGE

6

Approved for entry:


**Womble Bond Dickinson (US) LLP**

*/s/ Philip N. Elbert*
Philip Elbert, # 009430
Elizabeth Tipping, # 023066
Satchel Fowler, # 039624
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
Telephone: (629)-312-1823
phil.elbert@wbd-us.com
liz.tipping@wbd-us.com
satchel.fowler@wbd-us.com


*Counsel for Plaintiff*


*/s/Bryan Lewis* (w/ permission SRF)
Bryan Lewis
**Bryan Lewis Law**
1300 Division St. Suite 307
Nashville, TN 37203
bryan@bryanlewislaw.com

Will Helou
**WSMLegal PLLC**
2817 West End Avenue, Suite 126-107
Nashville, TN 37203
whelou@wsmlegal.com

*Counsel for Brooke's Bail Bonding, LLC, and Brooke Harlan-Evitts*



*Joseph Zanger* (w/ permission SRF)
Joseph Zanger
**Zanger Law Firm**
135 Clif Garret Drive
White House, TN 37188
joe@zangerlaw.com

*Counsel for Nakeda Wilhoite and Freedom Monitoring, LLC*