# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| ROBERT LANCE JOHANSEN as administrator of the estate of LAUREN JOHANSEN, | ) ) ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-00690 |
| | ) | Judge Aleta Trauger |
| BROOKE'S BAIL BONDING, LLC, | ) | JURY TRIAL DEMANDED |
| FREEDOM MONITORING | ) | |
| SERVICES, LLC, TYRELL WHITE | ) | |
| d/b/a ON TIME BAIL BONDING, | ) | |
| BROOKE HARLAN-EVITTS, JAY | ) | |
| OTEY, NEICOLA MCMILLIAN, | ) | |
| NAKEDA WILHOITE, and ALISHA | ) | |
| RIDLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BROOKE'S BAIL BONDING, LLC, AND BROOKE HARLAN-EVITTS RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY

Mr. Johansen cannot meet any of the three prongs for certification for an interlocutory appeal. First, such an appeal will not materially advance this litigation. Whether or not such an appeal is taken, the same discovery will be required and the remaining parties, including the ankle monitoring company, will still be subject to the Section 1983 claims. Second, there is no controlling question of law here, as reversal of this Court's order would neither terminate this litigation nor materially affect its

1

Case 3:25-cv-00690   Document 82   Filed 08/03/26   Page 1 of 11 PageID #: 572

outcome. Again, the wrongful death action still survives against all Defendants, and the Section 1983 claims survive against all but Brooke's Bail Bonding, LLC, and Brooke Harlan-Evitts (the "Brooke's Defendants"). Finally, there is no substantial ground for difference of opinion as to the law applied in the order. The public function and nexus tests are well-established tests for determining whether a private party is considered a state actor in any circumstance. That Mr. Johansen disagrees with this Court's well-reasoned application of those well-established tests to the facts alleged does not create a substantial ground for difference of opinion about the law.

## I.     The Three-Prong Test for Certification

A district court may permit an appeal to be taken from an order if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). *See Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). A district court should utilize § 1292(b) "sparingly" and "only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation." *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966); *accord In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). All three conditions must be met; the absence of any one requires denial. *See* 28 U.S.C. § 1292(b). Because the third condition, material advancement, most plainly fails, the Brooke's Defendants address it first.

2

## II. What the Court's Order Did and Did Not Decide

Before any analysis, it is important to first state what this Court's order did and did not do. It did dismiss the Section 1983 claims against the Brooke's Defendants. It did not dismiss those claims against the remaining defendants, including the ankle monitoring company. It did not dismiss the wrongful death claim against the Brooke's Defendants or any other defendant.

## III. An Interlocutory Appeal Will Not Materially Advance this Litigation.

In considering whether an interlocutory appeal "will materially advance the litigation," the district court must consider whether such an appeal "will save substantial judicial resources and litigant expense." *In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 851 (W.D. Tenn. 2010). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 351 (6th Cir. 2002) (citations omitted).

Because the proof on the remaining wrongful death claim against the Brooke's Defendants overlaps with the proof that would have been required on the now-dismissed Section 1983 claims and because the Section 1983 claims against the remaining Defendants survive, an interlocutory appeal will not save any judicial resources or litigation expense, much less substantial ones. In addition, whether or not the order is

3

certified for interlocutory appeal, this litigation will be conducted in the same manner. As a result, the request for certification for an interlocutory appeal should be denied.

First, as the Court explained, the wrongful death claim will require Mr. Johansen to establish "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." June 23, 2026, *Memorandum*, Doc. No. 72, p. 8. As the Court also explained, the crux of Mr. Johansen's Section 1983 claim will turn on whether the Brooke's Defendants' "conduct qualifies them to be considered state actors." *Id*. at 19. As a result, whether the Section 1983 claims survive or not, this litigation will fully explore the conduct of the Brooke's Defendants here, as well as their compliance with their statutory duties. This is not speculation. At the initial case management conference, no party identified any discovery unique to the dismissed claims. And the Brooke's Defendants have agreed not to object to any discovery on the ground that it relates only to those claims. Whatever evidence Mr. Johansen needs for his Section 1983 theory, he will obtain in this litigation as it stands.

Second, the Court did not dismiss the Section 1983 claims against the remaining Defendants, including Freedom Monitoring Services, LLC, the monitoring company responsible for tracking Mr. Rivers's location and whose notification the bond conditions order made the trigger for any surrender obligation. (*See* Doc. No. 72, p. 12 (quoting the bond conditions order).) Tennessee law in effect at the time likewise placed the

4

notification obligation on the monitoring entity. *See* Tenn. Code Ann. § 40-11-152(i) (version in effect June 2024) (the magistrate "shall order the entity that operates the global positioning monitoring system to notify the magistrate and the appropriate local law enforcement agency if a defendant violates a condition of bond imposed under this section"). As a result, this litigation will proceed on those claims with all of the accompanying discovery for them.[1]

Third, even a reversal would not revive the Section 1983 claims. The Court dismissed them on state-action grounds alone. It expressly declined to reach the Brooke's Defendants' alternative argument, that Mr. Johansen failed to plead the violation of a constitutional right. (Doc. No. 72, p. 27.) A reversal on state action would simply return that undecided issue to this Court. Its resolution could then produce a second interlocutory appeal on the same claims for the exact reasons cited today by Mr. Johansen. That is not material advancement. It is the piecemeal review the final-judgment rule exists to prevent.

Given the surviving claims against the Brooke's Defendants and the Section 1983 claims against the remaining Defendants, no judicial resources or expense will be saved by an interlocutory appeal. Instead, this litigation will be conducted in the exact same

---

[1] While Mr. Johansen does make reference to the possible effects of the Court's order on the other Defendants, that generalization is not enough to justify certification. That is especially true given the differing statutory duties of each Defendant, as described above.

5

manner as it would have been without such an appeal. This alone is dispositive of Mr. Johansen's motion. It should be denied.

## IV. There is No Controlling Question of Law in the Order.

A question of law is "controlling" if its resolution "could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351; *see also In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992).

Reversal of this Court's order would not materially affect the outcome of this action. As Mr. Johansen states, the question of whether "controlling law" is involved overlaps with the question of whether an interlocutory appeal would materially advance the litigation. And here, for the very same reasons as stated above, it will not.

Given the overlap in discovery with the remaining wrongful death claim against the Brooke's Defendants and all of the claims against the other Defendants, Section 1983 included, an interlocutory appeal would have no material effect on the course of this action, much less its outcome. And while the Court recognized that its order may have implications for the other Defendants, those implications are not dispositive at all. In fact, given the very different position each Defendant is in and the varying statutory duties each is obliged to fulfill, especially the ankle monitoring entity, the Court's order will more likely have little effect beyond establishing the legal framework to which to apply the facts pertinent to each.

6

Mr. Johansen also points to the remedies unique to Section 1983, attorney's fees and damages beyond Tennessee's noneconomic damages cap. But those remedies are fixed by statute. They will be equally available, or equally unavailable, whether the dismissal is reviewed now or after final judgment. An immediate appeal changes nothing about them. And if the loss of a remedy made a question "controlling," every order dismissing fewer than all claims would qualify for certification. Section 1292(b) is reserved for exceptional cases. It is not a vehicle for reviewing every partial dismissal that narrows the available relief.

Because reversal would not materially affect the outcome of this action, there is no controlling question of law, and Mr. Johansen's motion to certify the Court's order for interlocutory appeal should be denied.

## V.     There is No Substantial Ground for Difference of Opinion.

Substantial ground for difference of opinion exists where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted).

Mr. Johansen leans entirely on novelty. But under his own authorities, novelty is not enough. Every category in *Miedzianowski* that mentions a novel or first-impression

question also requires that the question be difficult. 735 F.3d at 384. This question is not difficult. Nor is it subject to a difference of opinion within the Sixth Circuit or a split among the circuits. Nearly every case presents facts no court has seen before. If that alone created substantial ground for difference of opinion, certification would be the rule, not the rare exception.

As to difficulty, the Court has already laid out the well-established law of the public function and nexus tests. Mr. Johansen does not argue that the tests the Court described and used are novel or wrong. Instead, he argues that the Court's application of the facts alleged here to those tests was wrong. The application of facts to well-established tests, while subject to disagreement, is not difficult. It is the regular duty of this Court. As to the public function test, the Court simply found that the complaint "does not adequately allege that the pretrial monitoring of conditions of release is a function 'traditionally *and* exclusively performed' by the government." (Doc. No. 72, p. 23.) As to the nexus test, after an exhaustive recitation of the case law concerning when bail bondsmen were acting as state actors, which hinges upon "concerted activity," the Court held that Mr. Johansen had not satisfied the test. *Id*. at 23-27.

Mr. Johansen offers one case, *Jackson v. Pantazes*, 810 F.2d 426 (4th Cir. 1987). *Jackson* involved a bondsman who forced entry into a home with a police officer at his side. The officer compelled the entry, joined the physical struggle, and endorsed the bondsman's conduct on the scene. *Id*. at 428. This Court considered *Jackson* and distinguished it on

8

precisely that ground. (Doc. No. 72, p. 22.) No court, in the Fourth Circuit or anywhere else, has found state action based on a bondsman's unilateral failure to supervise a releasee. One out-of-circuit decision on materially different facts is not a circuit split. It is not even a disagreement.

Mr. Johansen also suggests jurists could debate whether the Court improperly "looked to matters outside the pleadings." It did not. The Court read published judicial decisions. Consulting case law is legal research, not the consideration of evidence, and it does not convert a Rule 12(b)(6) motion into one for summary judgment.

As a result, Mr. Johansen's motion to certify should be denied for failure to adequately demonstrate a substantial ground for difference of opinion.

## CONCLUSION

For all of the reasons stated above, Mr. Johansen's motion should be denied.

Respectfully submitted,


/s/ *William N. Helou*
William N. Helou (#22839)
WSMLEGAL PLLC
2817 West End Avenue
Suite 126-07
Nashville, TN 37203
(615) 900-5585
whelou@wsmlegal.com

and

/s/ *James Bryan Lewis*
James Bryan Lewis (#15116)
1300 Division Street, Suite 307
Nashville, Tennessee 37203
(615) 256-8181
bryan@bryanlewislaw.com

*Counsel for Defendants Brooke's Bail Bonding, LLC, and Brooke Harlan-Evitts*

10

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing document has been served upon the following via the method indicated on this, the 3rd day of August 2026:

**Philip N. Elbert**                                    Via Electronic Mail
**Elizabeth Tipping**
**Satchel Fowler**
Womble Bond Dickinson LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
phil.elbert@wbd-us.com
liz.tipping@wbd-us.com
satchel.fowler@wbd-us.com
*Attorneys for Plaintiff*


**Joseph Zanger**                                    Via Electronic Mail
Zanger Law Firm
135 Clif Garret Drive
White House, TN 37188
joe@zangerlaw.com
*Attorney for Nakeda Wilhoite*
*and Freedom Monitoring LLC*


**Tyrell White**                                    Via U.S. Mail, Postage Prepaid
d/b/a On Time Bonding
704 Pin Oak Dr.
Antioch, TN 37013


**Neicola McMillian**                                    Via U.S. Mail, Postage Prepaid
1018 32nd Ave N.
Nashville, TN 37209


**Alisha Ridley**                                    Via U.S. Mail, Postage Prepaid
101 Davis Park Drive
Unit 119
Smyrna, TN 37167


/s/ William N. Helou
William N. Helou

11