Motion (DE #75) DENIED..

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | | |
|---|---|---|
| ROBERT LANCE JOHANSEN as administrator of the estate of LAUREN JOHANSEN, | ) ) ) ) | |
| Plaintiff | ) ) | 3:25-cv-00690 |
| v. | ) ) | Judge Aleta Trauger |
| BROOKE'S BAIL BONDING, LLC et al. | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR CERTIFICATION OF THE COURT'S JUNE 23, 2026,
ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND
MEMORANDUM OF LAW IN SUPPORT**

Plaintiff respectfully moves the Court to certify for immediate appeal its June 23, 2026, Order (DN 73) and Memorandum (DN 72, collectively the "Order") dismissing Plaintiff's § 1983 claims against Defendants Brooke's Bail Bonding, LLC and Brooke Harlan-Evitts (collectively "Brooke Defendants") pursuant to 28 U.S.C. § 1292(b).

As this Court recognizes, the Order involves a novel question of law for which little controlling authority exists. The fate of these § 1983 claims not only significantly impacts Plaintiffs' rights against the Brooke Defendants, the ruling has practical impacts concerning Plaintiff's § 1983 claims against other defendants in this case—a fact this Court acknowledges. (*See* DN 72 at 36.) An immediate appeal will also materially advance the ultimate termination of the litigation because, unlike an appeal in the normal course, interlocutory review will avoid the necessity of a second trial and reopening of discovery to allow Plaintiff to discover evidence relevant only to the § 1983 claims that will otherwise go undiscovered. This Court should therefore certify the Order for immediate appeal.